## DUTIL *v.* PACHECO *et al.*

WHERE Courts of Law and Equity have concurrent jurisdiction, if a Court of Law has first acquired jurisdiction, and decided a case, a Court of Equity will not interfere to set aside the judgment, unless the party has been prevented, by some fraud or accident, from availing himself of the defense at law.

The provision of the Practice Act making the judgment, in an action against a Sheriff, conclusive evidence against his indemnifier, where the latter has been notified of the action, is founded upon the principle that the action, under such circumstances, is in substance against the indemnifier—the real party in interest—and that he has in that action an opportunity to make any defense that may exist.

Where, therefore, the indemnifier has been notified of the action against the Sheriff, he cannot maintain a bill in equity to set aside the judgment obtained therein, except under such conditions as would have enabled him to maintain it had he been the nominal as well as real party defendant to the first action.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion.

*H. Allen,* for Appellant.

The judgment of *Pacheco* v. *Hunsacker,* the Sheriff, which the plaintiff seeks to annul, is an instrument of evidence, which Hunsacker, the Sheriff, may use against the appellant in an action, or in a summary proceeding, upon the appellant's bond of indemnity. (Wood's Dig. 247, art. 1370.)

The appellant may sustain this action because he fears some future probable injury to his rights or interests.    (2 Story's Eq. Jur. secs. 700, 825, 826 ; *Winchester* v. *Evans,* 3 Hez. 305, 316.) It is a settled doctrine of equity jurisprudence that an instrument of evidence may be annulled and canceled on the ground of fraud. (2 Story's Eq. Jur. secs. 614, 695, 695 *a ; Crawford* v. *Craw-*

Dutil *v.* Pacheco.

*ford,* 4 Desau, 176 ; *Lowe* v. *Blake,* 3 Id. 268 ; *Hamilton* v. *Cummings,* 1 Johns. Ch. 516.) The instrument will be set aside and canceled, though the appellant is not a party to it. (*Prentice* v. *Achorn,* 1 Paige, 30.) The instrument will be canceled, although Hunsacker, the party who may use it as evidence, be entirely innocent of any fraud. (*Huguerine* v. *Basley,* 14 Ves. 289, 290 ; *Bridgman* v. *Green,* 5 Id. 627 ; 1 Dow, 30 ; *Bennet* v. *Wade,* Dick. 84 ; *Davidson* v. *Russel,* Id. 761 ; Shepherd's Touchstone, 66, 67.) The appellant being a *bona fide* creditor of the defendant, Andegue, may attack his transfer of the wheat to Pacheco as fraudulent. ( *Coke* v. *Honison,* 6 Munf. 184 ; *Hildreth* v. *Sands,* 2 Johns. Ch. 40.)

A judgment at law may be investigated in a Court of Equity, and if rendered upon a fraudulent bill of sale, or upon any other fraudulent instrument, such judgment will be declared a nullity and canceled. (*Lowe* v. *Blake,* 3 Desau, 268, 270 ; *Crawford* v. *Crawford,* 4 Id. 176 ; *Webster* v. *Wise,* 1 Paige, 319 ; *West* v. *Logwood,* 6 Munf. 491 ; *Bynum* v. *Sledge,* 1 Stew. & Port. ; *Bennet* v. *Singleton,* 3 J. J. Marsh, 707 ; *Kruson* v. *Kruson,* 1 Bibb, 183 ; *Collins* v. *Lee,* 2 Mis. 16.)

An obligor in a bond given to a Sheriff to indemnify him against the claimant of the property levied on is not concluded by a judgment of the claimant against the Sheriff, but only by judgment in an action on the bond. ( *Gist* v. *Davis,* 2 Hill's Ch. 335.)

One not a party to a judgment is not bound by it, either in law or equity, merely because he was present and cross-examined the witnesses. (*Turpin* v. *Thomas,* 2 Hen. & M. 139 ; *Hurst's Lessee* v. *McNeil,* 1 Wash. C. C. 70, 75.)

Where a Sheriff levies a *fi. fa.* on property claimed by a stranger, and the claimant brings trespass against the Sheriff, and recovers judgment, equity will give relief against the judgment, where the ownership of the claimant is founded in fraud. (*Lewis* v. *Wyatt,* 2 Rand. 114.)

*M. S. Chase,* for Respondents.

The bill discloses no ground for relief. ( *White* v. *Pratt,* 13 Cal. 521.) The judgment, affirmed by this Court in *Pacheco* v.

*Hunsacker*, (14 Cal. 120) either concludes appellant or it does not affect him. If admissible at all, then as a plea it was a bar, and as evidence conclusive as to the measure of damages in suit upon the bond of indemnity to the Sheriff. (*White* v. *Pratt, supra; Riddle* v. *Baker*, 13 Cal. 295.) But if not conclusive, then this judgment in law is not admissible in evidence, and the appellant · has no cause whatever to fear it. (*Pico* v. *Webster*, 14 Cal. 204.)

The bill at bar shows the appellant to have been the real party in interest defending in the action at law, while the pleadings show full defense made by him in every stage of that action, upon notice of its pendency given him by the Sheriff, Hunsacker. In such a case our statute has provided that " the judgment recovered therein shall be conclusive evidence of his [the Sheriff's] right to recover " on the indemnity bond. (Pr. Act, sec. 645.) " To authorize relief in equity, it must be a case where it is impossible for the party to make an effectual defense at law." (*Dilly* v. *Barnard*, 8 Gill & Johns. 170; *Truly* v. *Manson*, 5 How. U. S. S. C. 141.) The appellant had perfect right and full opportunity to make defense to the action at law against the Sheriff. As the Sheriff's indemnifier and the real party in interest, he could have intervened for himself, and become not only (as he did) privy to the action, but a party to the record. (Pr. Act, sec. 659.) " Fraud in a contract may be set up at law as well as in equity, and equity will not relieve against a judgment on that ground." (*Allen* v. *Hopson*, 1 Freeman, 276.) " A Court of Equity will not enjoin a party from pursuing a judgment at law upon any ground which afforded a good defense at law, unless he shows some good reason for not making the defense—as that he was prevented by accident, surprise, or mistake, or by the fraud of the opposite party, without his own fault or neglect." (*Warton* v. *Woods*, 22 Wend. 520.) The appellant's bill neither discloses, nor pretends to disclose, any such state of facts, nor does it appear on the bill that the same facts, the same alleged *indicia* of fraud, and by the same witnesses, were not developed in the several trials in the Court below, and by this very appellant, too, as are now paraded in this bill. " Where the Court [of Equity] has concurrent jurisdiction with the Courts of Law, a judgment obtained without fraud or undue means will have the

same effect in a Court of Equity, as to a reëxamination of the same question, as it would have in a Court of Law." (*Orcutt* v. *Armes*, 3 Paige Ch. 459.)

" Courts of Law have concurrent jurisdiction with Courts of Equity in matters of fraud; but where a cause has been once determined at law, equity will not take cognizance of it, unless there be some equitable circumstances of which the party could not avail himself at law to give jurisdiction." (*Smith* v. *McIver*, 9 Wheat. 532.) But treating the question of the ownership of the wheat as one of law alone, it is sufficient to say that it has been solemnly adjudicated upon and settled; and " where the Court has deliberately examined and settled a legal question in one suit, it will not afterwards listen to an argument of the same question, although it arises in another suit between different parties." (*Teal* v. *Woodworth*, 3 Paige Ch. 470.)

While if the ownership be considered as a question of fact, and that question becomes definitely settled by a competent Court, it would seem equally inequitable to permit the real party in interest in that litigation to reagitate that question in a bill for new trial, which wholly fails to charge a fact, or circumstance, or any *indicia*, which were not cognizable by, or shown in, the former trial, or that any evidence whatever as to any of the facts has since been discovered which was not accessible to him then.

" If suit be first brought at law, in which the question of fraud may be tried, the party injured by the fraud must set it up there, and if he neglects to do so, equity will not relieve him." (*Haydon* v. *Gordon*, 7 Leigh. 157.)

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action in the nature of a bill in equity to set aside a judgment recovered by Pacheco against Hunsacker, who, as Sheriff, seized and sold certain personal property of Pacheco under an execution in favor of Dutil against Andegue. Dutil claims the right to maintain this action, on the ground that he indemnified the Sheriff against damages for taking said property.

It appears by the pleadings that when the action by Pacheco
29

against Hunsacker was commenced, the latter gave Dutil notice of the action, and that Dutil 'took charge of the defense, and, by his own attorneys, defended the action from the commencement to the conclusion.

Under such circumstances, the judgment against the Sheriff was conclusive evidence of his right to recover against Dutil on the bond of indemnity, by the provisions of section six hundred and forty-five of the Civil Practice Act. By virtue of section six hundred and fifty-nine, Dutil might have intervened, and defended as a party to the record, as he did as a party in interest in the name of the defendant on the record.

The alleged fraud in the sale of the property by Andegue to Pacheco, which is the basis of the present action, might have been litigated in that action, and would, if proved, have defeated the action.

Where Courts of Law and Equity have concurrent jurisdiction, if a Court of Law has first acquired jurisdiction, and decided a case, a Court of Equity will not interfere to set aside the judgment, unless the party has been prevented by some fraud or accident from availing himself of the defense at law. (*Truly* v. *Manson*, 5 How. U. S. 141; *Allen* v. *Hopson*, 1 Freeman, 276; *Warton* v. *Wood*, 22 Wend. 524; *Smith* v. *McIver*, 9 Wheat. 532; *Haydon* v. *Gordon*, 17 Leigh. 157.)

The provision of the Civil Practice Act making the judgment conclusive evidence against the indemnifier, when he has been notified of the action, is founded upon the principle that, under such circumstances, the action is in substance against the indemnifier—the real party in interest—and that he has in that action an opportunity to make any defense that may exist.

Supposing, then, the facts alleged in regard to the action at law, and the notice to Dutil, and his participation in the defense, to have been satisfactorily established, and this must be presumed in support of the decree, nothing to the contrary appearing in the record, we think the decree dismissing the action was proper.

Judgment affirmed.