Jones v. Childs and Vansickle.

---

## JOSEPH JONES, RESPONDENT, v. JOHN S. CHILDS AND HENRY VANSICKLE, APPELLANTS.

INDEMNITY BOND AGAINST "LIABILITY." To authorize a recovery upon a mere bond of indemnity, that is, a bond against damages, actual damage must be shown; but if the indemnity be not only against actual damage or expense but also against any *liability* for such damage or expense, a right of action is complete when the obligee becomes legally liable for damages.

ACTION ON INDEMNITY BOND AGAINST LIABILITY, WHAT TO BE SHOWN. In an action on a bond given to a sheriff to indemnify him against "all damages, expenses, costs and charges, and against all loss and liabilities which said sheriff shall sustain or in any wise be put to," it is sufficient to show a liability by way of judgment against him, without showing payment thereof.

9

GOLD COIN JUDGMENT FOR LIABILITY ON INDEMNITY BOND. A judgment against the sureties on a bond indemnifying a sheriff against liability, where the penalty of the bond and also the liability incurred by the sheriff are payable in gold coin, is properly rendered in gold coin.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The facts are stated in the opinion. There was a judgment in the court below against the defendants for the sum of $1151 15 and costs, in gold coin. Defendants appealed from the judgment.

*Geo. W. Harding* and *T. W. W. Davies,* for Appellants.

I. This case comes clearly within the rule laid down in *McBeth & Bollen* v. *Vansickle,* 6 Nev. 134. Jones being the real party in interest and the real beneficiary in the indemnity bond, was the proper and only party to sue on it; but when he received satisfaction of his judgment against Bollen, his right of action became extinguished.

If, however, Bollen could have maintained a suit and had commenced it before satisfaction of the judgment against him, he might have recovered sufficient to satisfy the same; but after satisfaction by him the material question would be one of damage; that is, what it cost him to satisfy the judgment. By the strict terms of the contract the sureties only undertook to hold Bollen harmless against any claim of Jones, and they would fulfill their contract by paying Bollen what it cost him to protect himself against Jones. See *Gilbert* v. *Winans,* 1 Comst. 550.

II. The bond is not a bond of indemnity in any event, but an agreement of Childs and Vansickle to guarantee that Wilcox & Brown shall hold Bollen harmless. Their contract is to answer to Bollen for any damages that may result to him from the default of Wilcox & Brown to hold Bollen harmless; and in this view it becomes the only material question to consider, what loss has Bollen sustained by reason of the failure of Wilcox & Brown to save him harmless? For this reason the court below erred in giving judgment as

prayed for; in refusing to consider the question of actual damage sustained by Bollen on account of the default of Wilcox & Brown to save him harmless, and in disregarding the plea of *non damnificatus.* Sedgwick on Damages, 342; 1 Comst. 550; 42 Barb. 199; 5 Barb. 385; 8 Johns. 248; 29 Missouri, 275; 27 Conn. 31; 1 Hill, 145; 7 Hill, 501; 25 Cal. 164; 9 Ohio, 467; 6 Wallace, 95; 10 Johns. 549.

III.    Judgment for gold coin was in direct conflict with the most recent decisions of the supreme court of the United States in relation to the question of what is a legal tender in payment of debts.

*Moses Tebbs* and *T. W. Healy,* for Respondent.

I.    Bollen could have sued upon the bond and recovered, and certainly his assignee can stand exactly in his place. The only question to be determined is, was any loss or liability sustained? if so, the sureties must pay it by the condition of the bond.    Does the satisfaction of the judgment against Bollen release the sureties from the penalty of their bond?    Most assuredly not: to say so would imply that the relation of principal and surety existed between them, when in truth they occupy a position of antagonism.

II.    A liability may be indemnified against and is recoverable as an actual damage.    *Brown v. Jones,* 5 Nev. 374; *Kramer et als. v. Trustees of Farmers' Bank,* 15 Ohio, 253. The defendants here became liable by the terms of the bond the moment the property sold was found to be the property of Jones; and nothing less than a payment of the money by them to plaintiff or cancellation of the bond by consent of plaintiff can ever change their liability.

III.    Appellants seem to mistake the rule laid down in *McBeth & Bollen v. Vansickle,* 6 Nev. 134.    There is a difference between a replevin bond as in that case and an indemnity bond as in this.

IV.    As to the point that there was error in rendering a judgment in gold coin, the U. S. Supreme Court has held that courts have a right to render such judgment where

there is a specific contract. *Bronson* v. *Rhodes*, 7 Wallace, 229; 3 Wallace, 320.

By the Court, LEWIS, C. J.:

This action is brought upon an undertaking given to the sheriff of Douglas County and assigned to the plaintiff under these circumstances. An execution having been issued upon a judgment rendered in a certain action in favor of Wilcox & Brown against John T. Williams, a levy was made by the sheriff upon property claimed by the plaintiff Jones. Wilcox & Brown however directed the sheriff to sell the property so levied on in accordance with the execution, and gave him the bond here sued on to indemnify him against any liability which he might incur thereby. The property was sold accordingly, and Jones subsequently brought action against the sheriff and recovered judgment in the sum of eleven hundred and fifty dollars. To satisfy this judgment the sheriff assigned the bond given for his own indemnity to Jones, who accepted it in satisfaction of his judgment and now brings this action to recover of the defendants the amount so recovered.

The bond is set out and made a part of the complaint and all the material facts are fully pleaded; but the defendants by their answer only deny that Bollen, the sheriff, was damaged in the sum alleged in the complaint or in any sum by reason of the action or the judgment rendered against him in the case of Jones against him or that they, the defendants or either of them, ever became liable or are now liable to Bollen in the amount of the judgment and costs referred to in the complaint. There is no denial that the undertaking was regularly executed and delivered to Bollen, nor is it denied that the judgment was regularly rendered against him in the action by Jones, nor that the undertaking was properly assigned. Upon these pleadings (a motion to that end having been made) the court below rendered judgment, from which the defendants appeal. Two points only are relied on for a reversal of the judgment: 1st, that no recovery could be had on the undertaking until it was shown that

Bollen had paid the judgment.obtained against him or that he was actually damnified; and 2d, that it was error to render a judgment in gold coin.   Neither of these. points are well taken.

It is undoubtedly the rule of the common law courts that to authorize a recovery upon a mere bond of indemnity actual damage must be shown.   If the indemnity be against the payment of money the plaintiff is generally required to prove actual payment, or that which the law considers equivalent to actual payment.   But it has very generally been held that if the indemnity be not only against actual damage or expense, but also against any *liability* for such damage or expense, the party need not wait until he has actually paid the demand against him, but his right of action is complete when he becomes legally liable for damages.   This is in strict conformity with the letter of the bond or undertaking, for if the indemnity be given against any liability, clearly when the liability is legally imposed the condition is broken and a right of action is at once created.   *Webb* v. *Pond*, 19 Wend. 423;   *Chase* v. *Stranahan*, 8 Wend. 452. See also the question considered in *Gilbert* v. *Merrian et als.*, 1 Comstock, 550.   Thus the difference in the language of obligations has given rise to the two classes of decisions; those holding that no cause of action arises until there is actual damage which are cases arising upon obligations of indemnity purely; and the other class, like *Chase* v. *Stranahan;* where the bond or undertaking is not only of indemnity but also against liability, in which cases it is very generally held that the cause of action is complete when the liability is established, and therefore that no actual damage or payment of the liability need be shown.

In this case the undertaking is given to indemnify not only against damage and expense but also, as in the case of *Chase* v. *Stranahan*, against all liabilities.   The language being— "now therefore, the conditions of this obligation is such, that if the said plaintiffs, Wilcox & Brown, their heirs, executors, and assigns shall well and truly indemnify and save harmless the said sheriff, his heirs, executors, administrators,

and assigns, of and from all damages, expenses, costs, and charges, and against all loss. and liabilities which said sheriff shall sustain, or in any wise be put to for or by reason of the levy, sale or retention under said execution of the property claimed as aforesaid, then the above obligation to be void—otherwise to remain in full force and effect. " By the language of this instrument the defendants became liable the moment the judgment was obtained against Bollen, for that was a liability imposed upon him growing out of the transaction mentioned in the undertaking, and thus the case comes directly within the rule above mentioned. Bollen then had a right of action on the undertaking, and that, he regularly assigned to the plaintiff. The first assignment of error is therefore not sustained.

The judgment was properly rendered in gold coin. The penalty of the undertaking is in coin and the sheriff's liability was also in coin; and we have invariably held since the case of *Linn* v. *Minor*, 4 Nev. 462, that such judgment is properly rendered on contracts calling for that character of money. And the supreme court of the United States, although sustaining the legal tender act (*Knox* v. *Lee*, 12 Wallace, 457) yet holds as this court had done before, that a judgment in coin can be rendered on a contract calling for that kind of money. *Trebilcock* v. *Wilson*, 12 Wallace, 687.

Judgment below affirmed.

GARBER, J., did not participate in the foregoing decision.