[No. 6,793.—In Bank.]

## McBETH & COMPTON v. A. D. McINTYRE.

Indemnifying Bond—Release.—A bond was given by a plaintiff to a constable to indemnify him from liability for selling certain property claimed and actually owned by persons other than the execution debtor; and the property having been sold, and the owners having sued the constable and recovered judgment against him, the latter assigned the bond to them, and they released him from liability on the judgment. *Held*, that the release of the constable did not operate to release the obligors on the bond.

Appeal from a judgment for the plaintiffs, in the Second District Court, County of Plumas. Clough, J.

The plaintiffs had judgment for $450, the amount of the judgment recovered against the constable.

*W. W. Kellog*, and *R. H. F. Variel*, for Appellant.

*J. D. Goodwin*, for Respondents.

Ross, J.:

An execution having been issued on a judgment rendered in a certain action in favor of A. D. McIntyre, and against one Shiers, a levy was made by the constable, Bransford, upon certain personal property which was claimed by the plaintiffs McBeth & Compton. Notwithstanding the claim of the latter, McIntyre directed the constable to sell the property in accordance with the execution, and gave him the bond here sued on to indemnify him against "all damage, expense, cost, and charges, and against all loss and liability," which he might incur thereby. The property was sold accordingly, and McBeth & Compton subsequently brought suit against the constable. Upon being sued, the latter notified one of the indemnitors of the bringing of the suit, and their attorney appeared in the action and made defense; but judgment was entered against the constable, for $445 damages, and $72.60 costs. After the rendition of the judgment, the constable assigned the bond to McBeth & Compton in consideration of their releasing him from all liability on the judgment they recovered against him, which they did, and thereupon they commenced the present action on the bond.

As has been seen already, the indemnity given the constable was not only against actual damage, etc., but also against all *liability* therefor ; and therefore, the moment the judgment was entered in favor of McBeth & Compton against the constable, the latter became liable for the amount of it, and thereupon a cause of action arose in his favor upon the bond. (Civ. Code, § 2778; *Jones* v. *Childs*, 8 Nev. 121; *Chase, Adm'r*, v. *Hinman*, 8 Wend. 452.)

We do not understand counsel for the appellants to deny this. On the contrary, they say : "We have conceded from the beginning, that the appellants became liable on the bond immediately the judgment was rendered against Bransford. But we have contended, and still contend, that when he was released from all liability on that judgment, the liability ceased, and that Bransford, then having no cause of action, could impart none to his assignees." It is argued, that the obligation to pay the judgment to McBeth & Compton was the liability against

which the constable was indemnified, and that the cause of action expired with the release of the latter from all liability on the judgment. The argument is more specious than sound. The consideration for the release was the assignment by the constable of his cause of action on the bond to McBeth & Compton. Substantially, he paid the judgment against him to them in that way. Section 1541 of the Civil Code, cited by appellants, has no application here. Of course, the obligation of the constable on this judgment was extinguished by the release; but in consideration of that release, as already observed, he assigned to the plaintiffs his cause of action on the bond. (*Jones* v. *Childs*, *supra*.)

Judgment affirmed.

MORRISON, C. J., McKINSTRY, J., SHARPSTEIN, J., MYRICK, J., and THORNTON, J., concurred.