[No. 12158.  Department One. — October 1, 1889.]

JAMES TUNSTEAD, APPELLANT AND RESPONDENT,
   *v.* GUSTAV NIXDORF ET AL., APPELLANTS AND
   RESPONDENTS.

INDEMNITY BOND TO SHERIFF — SEIZURE OF PROPERTY EXEMPT FROM EX-
    ECUTION — SALE UNDER ALIAS WRIT — FIXING OF LIABILITY — JUDG-
    MENT AGAINST SHERIFF.— When an indemnity bond is given to a sheriff
    by execution creditors to prevent the release of property which the
    sheriff had theretofore seized under execution, and which was claimed
    by the debtor as exempt from execution, which bond is conditioned to
    save the sheriff harmless from all loss and liability by reason of his
    taking or retaining the property under said execution, the fact that, be-
    fore the original writ of execution could have been or was fully executed,
    an *alias* writ was necessary to be and was issued in order to sell the
    property, could not affect the right of the sheriff to resort to the indem-
    nity bond or the liability of the sureties thereon. The liability of the
    sureties was fixed by the judgment which fixed the liability of the sheriff,
    whose liability attached under the original execution the moment he re-
    fused to surrender the property to the execution debtor.
ID. — COUNSEL FEES. — The allowance of counsel fees upon an indemnity
    bond must turn upon the covenants of the bond; and if the bond is con-

ditioned to pay all counsel fees incurred in consequence of the legal enforcement of the payment of the penalty of the bond, attorney's fees expended by the plaintiff in the suit on the bond may be recovered, including reasonable attorney's fees in the supreme court.

CROSS-APPEALS from a judgment of the Superior Court of Marin County, including an appeal of defendants from an order denying their motion for a new trial.

The facts are stated in the opinion of the court.

*Joseph Kirk,* for Plaintiff.

*L. Quint,* and *E. W. Ashby,* for Defendants.

WORKS, J.— There are two appeals in this case, both of which are presented and will be considered together. The facts are somewhat complicated, and are thus stated by counsel for the defendants in their brief in support of their appeal: The facts of this case are, that in July, 1876, the appellants Nixdorf and Schroeder commenced an action in the third district court of San Francisco against one James McCue to recover ten thousand dollars damages; that in December, 1877, judgment was rendered in favor of said Nixdorf and Schroeder, and against said McCue, for the sum of five hundred dollars; that on January 12, 1878, an execution on said judgment was issued, directed to the sheriff of Marin County, and placed in the hands of James Tunstead, plaintiff in this case, as such sheriff, with written instructions to levy upon and sell a certain stallion called "Copperhead," the property of said McCue, in said Marin County; that said Tunstead, as such sheriff, did, on the twelfth day of January, 1878, by virtue of said execution and instructions, levy upon and take into his possession said stallion, and advertise him for sale; that after such levy, and after advertising the said stallion for sale, said McCue demanded that said Tunstead, as such sheriff, should release from said levy said stallion, as property of said McCue, as exempt from execution; that notice of said

demand of McCue was given by said Tunstead, as such sheriff, to said Nixdorf and Schroeder, who, as principals, and the other defendants herein, Jacob G. Gundlach and Henry Tromer, as sureties, executed the bond of indemnity set out in the complaint in this action; that on March 1, 1878, and before the sale of said stallion, said McCue commenced an action in the twenty-second district court of Marin County against said Tunstead, as such sheriff, to recover from said Tunstead the possession of said stallion, or its value, viz., one thousand dollars; that such proceedings were had in said twenty-second district court, in said case of *McCue* v. *Tunstead,* that on April 15, 1878, a judgment was rendered in favor of said sheriff, plaintiff herein, and against said McCue, for the possession of said stallion, and thereafter said stallion was returned to said sheriff; that on the third day of May, 1878, an *alias* execution was issued out of the twenty-third district court, San Francisco, in the said case of Nixdorf and Schroeder against the said McCue, directed to and placed in the hands of the sheriff of Marin County, plaintiff here, and thereafter said stallion was levied upon and sold under said *alias* execution; that such further proceedings were had in said case of *McCue* v. *Tunstead, Sheriff,* that judgment was entered in favor of McCue, and against said Tunstead, for the return of said stallion, or its value, viz., one thousand dollars, and certain costs; that said stallion was never returned to said McCue. This suit was therefore brought by plaintiff, upon the bond of indemnity set out in the complaint, to recover from the obligors therein the amount of plaintiff's liability in the case of *McCue* v. *Tunstead,* and two hundred dollars counsel fees, paid in this suit. See also, for further particulars of the litigation resulting in this suit, *McCue* v. *Tunstead,* 65 Cal. 506; 66 Cal. 486; *McCue* v. *Superior Court,* 71 Cal. 545.

The court below rendered judgment in favor of the plaintiff for the amount recovered against him by Mc-

Cue, with interest and costs, but declined to allow him the sum of two hundred dollars, alleged to have been paid out by him in the prosecution of the present action. The defendants appeal from the judgment against them, and from the order denying them a new trial, and the plaintiff appeals from the judgment, on the ground that the attorney's fees should have been included therein. The defendants contend that the indemnity bond sued on only indemnified the sheriff against loss or liability on account of his seizure of the property under the original execution; and that as no sale of the property was made under said execution, but under an *alias* execution issued subsequent to the giving of the bond, it was not applicable to any liability incurred by reason of such sale.

The bond recites that whereas a judgment was recovered by the parties, naming them, against said McCue, and execution had issued to the plaintiff herein, as sheriff of Marin County, and said sheriff had levied upon a certain stallion known as "Copperhead," and then provides: "And whereas, upon the taking of said goods and chattels by virtue of the said writ, the said James S. McCue claimed the said goods and chattels, viz., the said stallion, as exempt from execution under the laws of this state, and whereas the said plaintiffs, hereby expressly waiving a trial by sheriff's jury of the right of property and the said claim of exemption, require of the said sheriff that he shall retain the said property under such levy and in his custody,—now, therefore, the condition of this obligation is such that if the said Charles Schroeder and Gustav Nixdorf, as principals, and the said Henry Tromer and Jacob G. Gundlach, as sureties, their said heirs, executors, and administrators, shall well and truly indemnify and save harmless him, the said sheriff, his heirs, executors, administrators, and assigns, of and from all damages, expenses, costs, and charges, including all counsel fees, which he, said sheriff, his heirs, executors,

administrators, or assigns, may incur in consequence of the legal enforcement of payment of the penalty of this bond, and against all loss and liability which he, the said sheriff, his heirs, executors, administrators, and assigns, shall sustain, or in any wise be put to, for or by reason of the levy, taking, or retention by him, the said sheriff, in his custody, under said execution, of the property claimed as aforesaid, then the above obligation to be void; otherwise, to remain in full force and virtue."

It clearly appears from the recitals and covenants in the bond that the sheriff had seized the property on execution before the bond was given, and that the execution defendant was demanding the release of the property as exempt from execution. In order to prevent such release, the bond in suit was given. By reason of this indemnity, and relying upon it, the sheriff refused to deliver up the property, by reason of which he was involved in litigation, which resulted in a judgment against him. It seems to us that the fact that, before the original could have been or was fully executed, an *alias* writ was necessary to be and was issued in order to sell the property, was wholly immaterial, and could not affect the right of the sheriff to resort to the indemnity bond. His liability attached the moment he refused, on demand, to surrender the property to the execution debtor, and that liability was fixed and determined by the judgment of McCue against him. The same judgment fixed the liability of the defendants in this action to the plaintiff. (*McBeth* v. *McIntyre*, 57 Cal. 49.) It would have been different if the bond had only indemnified the sheriff against actual damages. In such case the sheriff could not recover until he had actually been compelled to pay the judgment recovered against him. (*Oaks* v. *Scheifferly*, 74 Cal. 478.) The bond in suit was security against liability on the part of the plaintiff, and not against actual damages only, and his liability attached under the original execution. Conceding, as contended by the de-

fendants, that it was the duty of the sheriff to have sold the property under the first execution when the property was returned to him under the judgment of the court below, which was afterwards reversed, the fact that instead of doing so, an *alias* execution was issued, and the sale made thereunder, could not have injured the defendants or affected their liability. There is no merit in the appeal of the defendants.

The question raised by the appeal of the plaintiff as to his right to his attorney's fees expended in this action must turn upon the covenants in the bond. The bond provided that the principal and sureties thereof should "well and truly indemnify and save harmless him, the said sheriff, his heirs, administrators, executors, and assigns, of and from all damages, expenses, costs, and charges, including all counsel fees, which he, the sheriff, his heirs, administrators, executors, and assigns, may incur in consequence of the legal enforcement of the payment of the penalty of this bond." The court below found that the plaintiff had "expended and paid out in the prosecution of this action as and for counsel fees the sum of two hundred dollars, the same being a reasonable amount therefor." These fees are clearly within the covenants of the bond, and should have been allowed. Whether, but for this express agreement to pay them, they could have been recovered, is immaterial. It is enough that the defendants promised to pay them.

The judgment is affirmed as against the defendants, with ten per cent damages, and the court below is instructed to modify the judgment by including therein the sum of two hundred dollars, attorney's fees expended by the plaintiff. The plaintiff will also be entitled to a reasonable fee for his attorney's fees in this court, which the court below will ascertain and allow.

Fox, J., and PATERSON, J., concurred.