[Nos. 12299, 12300.  Department Two. — November 22, 1889.]

JAMES SHOWERS, Respondent, v. HENRY WADS-
WORTH, Appellant.

Indemnity — Agreement to Furnish Bond of. — An agreement to furnish
    a bond of indemnity is in effect an agreement to indemnify, and may be
    sued upon as such, if the bond be not furnished as agreed.
Indemnity against Liability, when Broken. — A cause of action upon
    an agreement to indemnify against liability arises when the liability is
    incurred.
Duty of Indemnifier to Defend Suits against the Indemnified upon
    Request of the Latter — Conclusiveness of the Judgment in Such
    Suits. — It is the duty of the indemnifier, upon request of the indemni-
    fied, to defend all suits brought against the latter to establish the liabil-
    ity provided against by the contract; and judgment in such suits is
    conclusive against the indemnifier, whether he complies with the request
    to defend or not.
Id. — Suit to Prevent a Multiplicity of Actions against the Indem-
    nified. — A suit brought under the direction of the indemnifier to pre-
    vent a multiplicity of actions against the indemnified in relation to the
    liability provided against by the contract is but a substitute for such
    actions, and stands upon the same footing.
Duty of Indemnifier to do All Things Necessary in Such Litigation
    — Appeal — Bond to Stay Execution. — The indemnifier is bound to
    do all things which are necessary to make the litigation effectual; and if
    he desires to take an appeal, he must give a bond to stay execution. If
    he refuses to do so, the indemnified may resume control of the litigation
    without affecting the conclusiveness of the judgment.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*Haggin, Van Ness & Dibble,* and *George C. Gorham, Jr.,*
for Appellant.

*P. Reddy,* and *W. H. Metson,* for Respondent.

HAYNE, C.—Action by a sheriff upon a contract to
indemnify him against liability arising from the claims
of certain parties upon property which was in his cus-
tody, and which he delivered to the defendant upon re-

ceiving said contract.  Judgment passed for the plaintiff, and the defendant appeals.

The general features of the case are as follows: An action was brought against two mining companies by the defendant, Wadsworth, who, it appears, was acting in the interest of Wells, Fargo & Co., which corporation was the real owner of the claims.  A writ of attachment was issued in the case, and under it the sheriff took possession of certain personal property of the mining companies.  Thereupon certain of the miners who had claims for labor, and who contended that they were preferred creditors, gave notice of their claims to the sheriff and to the attaching creditor, under section 1206 of the Code of Civil Procedure, as amended in 1874, which provides, in substance, that if such claims are undisputed, the sheriff shall satisfy them out of the property in his hands, and that if they are disputed, the claimants shall establish their validity by action, which must be brought within ten days.  Judgment was rendered in favor of Wadsworth, the attaching creditor (defendant here), and the property was sold to him.  He did not pay the price bid for the property, but induced the sheriff to deliver it to him without payment, upon his agreement that he would furnish the sheriff "a good and sufficient bond indemnifying him against all loss *and liability* which he may incur by reason of delivering the bullion attached, . . . . or which he may become responsible for by reason of the preferred claims in said cases filed with him."  The agents who acted for Wadsworth in the matter had authority to make such a contract.  It is admitted by the pleadings that Wadsworth never gave a bond of indemnity.  At the trial he applied for leave to amend his answer in this respect, but the court denied the application.  This ruling is not complained of in the briefs filed, and if it had been, we could not say that upon the showing made there was any abuse of discretion.  It is, therefore, an established fact that

the defendant failed to perform his agreement to give a bond of indemnity.

After the property had been delivered to him, one of the claimants commenced an action against the sheriff, and the others were about to do so. And in order to prevent a multiplicity of actions, and to settle the question of the validity of the various claims, two suits were brought in the name of the sheriff against the claimants. Judgment in these suits was rendered in favor of the defendants, and it was thereby adjudged that the claims against the sheriff were valid. These suits were brought in consequence of the request of the sheriff that his interests should be protected. And we think that the request was properly made. It was made to the attorneys who had acted for Wadsworth in his transactions with the sheriff. Mr. Gorham was the one who arranged the transaction for the delivery of the property and the making of the contract of indemnity. The defendant, Wadsworth, says with reference to him: "Mr. Gorham was acting as agent to do anything that was done. He was the only one that had authority to do anything. I sent him there to attend to that business; to do what was necessary." And he acted as the attorney of Wadsworth, and not as attorney of the sheriff, though at all times he was acting under the direction of other attorneys. Mr. Haggin was acting for those whom Wadsworth represented. These gentlemen were applied to by the sheriff because they were the only attorneys for Wadsworth whom he knew in the premises.

Upon these facts we think that the judgment in favor of the plaintiff was right.

The contract was in substance a contract of indemnity. In form it was to furnish a bond of indemnity. But so far as the principal is concerned, we think that inasmuch as the contract was not superseded by such promised bond, it must be treated as itself, in effect, a contract to indemnify. The indemnity was against *lia-*

*bility* and hence there was a right of recovery upon the contract as soon as the liability was incurred. (Civ. Code, sec. 2778, subd. 1; *Tunstead* v. *Nixdorf*, 80 Cal. 647; *McBeth* v. *McIntyre*, 57 Cal. 50.)

The arguments of the learned counsel for the appellant go, in effect, to the point that no liability was incurred by the sheriff. They say that section 1206 of the Code of Civil Procedure is unconstitutional because it does not provide for notice to the judgment debtor; that no notice of the claims of the miners was in fact given to the judgment debtor; and that the claims were disputed, etc. But we think that the sheriff's liability was conclusively established by the judgments in the suits mentioned. We do not regard the form which the litigation assumed as important. The suits in question were brought for the purpose of determining the validity of the claims asserted against the sheriff. They were merely to cut off and forestall the multiplicity of actions which would otherwise have been brought against him. They were substitutes for actions against him. And so far as the defendant Wadsworth's relation to them is concerned, it is clear that he stands in the same position as if the suits against the sheriff had been allowed to go on. This being the case, the sheriff having made a proper request that the indemnifier should litigate the claims against him, it is immaterial whether the indemnifier did so or not. If he neglected to do so, the judgments would be conclusive against him. "If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by him in good faith, is conclusive in his favor against the former." (Civ. Code, sec. 2778, subd. 5.) If he took charge of the litigation the judgments are equally conclusive. (Civ. Code, sec. 2778; *Dutil* v. *Pacheco*, 21 Cal. 442; 82 Am. Dec. 749.) We think it clear that the attorneys for Wadsworth did conduct the litigation on his behalf. The court finds that the suits were brought "in

LXXXI. CAL.—18

accordance with the wishes and directions of the defendant, Wadsworth," and that his attorneys "had full control" of the same. And the evidence, in our opinion, sustains these findings. The judgments are, therefore, conclusive of the sheriff's liability.

The only argument that can be made against this proposition is, that the attorneys for Wadsworth were discharged by the sheriff after the judgments had been rendered, and were thereby prevented from taking appeals which might have resulted in the reversal of the judgments. The reason for which they were discharged was, that they, on behalf of Wadsworth, refused to give a stay bond upon the proposed appeals. We think that the refusal justified the sheriff in refusing to proceed further with the litigation. Wadsworth, through his attorneys, had control of the suits. It was for his interest ultimately that they should be prosecuted. Having been requested to take charge of the litigation, he was bound to do so, and his indemnity embraced the costs of the litigation. (Civ. Code, sec. 2778, subds. 3, 4.) The word "costs" in this provision is used in an extended sense, and includes all things which are necessary in order to make the litigation effectual. The sheriff was not bound to suffer his property to be seized for this liability against which the defendant had agreed to hold him harmless; nor was he bound to put his property out of his hands for the purposes of concealment; nor was he bound to give a bond to answer the liability in case the judgment should be affirmed. The contract of indemnity bound Wadsworth to answer this liability. And we see no reason why he should be allowed to compel the sheriff to bind himself, or get others to bind themselves, to answer a liability which he, Wadsworth, had agreed to become responsible for.

For these reasons we think that the discharge of Wadsworth's attorneys after judgment does not do away with the conclusiveness of the judgments as against him.

In the view we have taken, it is unnecessary to consider the other questions argued.

We therefore advise that the judgment and order be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.