[S. F. No. 6177.    Department Two.—November 29, 1913.]

## WILLIAM J. EVA, Respondent, v. WALTER ANDERSEN, Appellant.

CORPORATIONS—STOCKHOLDER'S LIABILITY—CONTRACT OF INDEMNITY—PLEADING.—In an action by the seller of stock on an agreement of the buyers to indemnify him against any debts or liabilities of the corporation for which he might be liable as stockholder, the complaint, which alleges the payment by him of a stated sum "in full settlement of his liability as a stockholder" of the corporation "for and on account of an indebtedness" of the corporation evidenced by its certain promissory note, sufficiently alleges, as against a general demurrer, that the plaintiff was liable as a stockholder, with all that such a statement implies, within the agreement for indemnity.

ID.—LIABILITY OF STOCKHOLDER—TIME OF ACCRUAL.—A stockholder's liability accrues immediately upon a debt being contracted by the corporation. A creditor, therefore, need not resort to the assets of the corporation before proceeding against the stockholder.

ID.—INDEMNITY AGAINST STOCKHOLDER'S LIABILITY—ACCRUAL OF RIGHT OF ACTION.—Where the buyers of stock agree to hold the seller free and harmless, not simply from damages, but from any debts or liabilities of the corporation for which he might be obligated as a stockholder, the right to recover on the contract of indemnity arises as soon as the liability is incurred.

ID.—PAYMENT OF DEBT BY INDEMNITEE—WHETHER CONDITION PRECEDENT TO ACTION.—Under such contract the indemnitee may pay a debt owing by the corporation, without suit being first brought

against him, and then maintain an action against the indemnitors, or he may even sue them before payment of the debt; but in either case he will be under the necessity of proving that he was liable for the amount alleged because of his position as a stockholder.

ID.—ACTION TO ENFORCE INDEMNITY—ALLEGATIONS OF COMPLAINT.—It is not necessary that the complaint in the action to enforce the contract of indemnity should allege that the note evidencing the debt against the corporation is due, or that it is unpaid, or what is its face value. The declaration is not on the note, and the stockholder's liability depends not upon the time when the debt becomes enforceable against the corporation by the holder of the note, but upon the time when the indebtedness is incurred.

ID.—STATUTE OF LIMITATIONS—NECESSITY OF PLEADING.—In such action the complaint need not allege that the statute of limitations is not available against the indebtedness itself, because the statute furnishes a personal defense which may be waived by the person entitled to use it.

ID.—NOTICE TO INDEMNITOR—NECESSITY OF GIVING—EFFECT OF ABSENCE OF NOTICE.—In such action on the contract of indemnity it is not necessary to allege that suit has been brought against the indemnitee and an opportunity given the indemnitor to defend it. While subdivision 4 of section 2778 of the Civil Code specifies that notice may be given to the person indemnifying, it does not make such notice compulsory. The two following subdivisions of that section merely declare rules of evidence under which a judgment recovered against the person indemnified may become *prima facie* or conclusive evidence of liability in his action against the person indemnifying. The omission to give notice to the indemnitor does not go to the right of action against him, but simply changes the burden of proof and imposes upon the indemnitee the necessity of again litigating and establishing all of the actionable facts.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Charles N. Kirkbride, for Appellant.

Randolph V. Whiting, for Respondent.

MELVIN, J.—This appeal is taken from a judgment rendered upon defendant's failure to answer after his general demurrer to the complaint had been overruled.

In the complaint was alleged an agreement whereby William J. Eva, the plaintiff, sold to the defendant, Walter Andersen, forty-one shares of the capital stock of Andrew Smith Company upon the consideration expressed in a written agreement that defendant would hold plaintiff "free and harmless from any debts or liabilities of said company, for which he may be obligated or liable as a stockholder, director, or other officer of said corporation, up to the amount of two thousand dollars." The essential averment of the complaint is as follows: "Plaintiff on the 31st day of May, 1911, paid to The Bank of California, a corporation, as assignee of San Francisco National Bank, a corporation, the sum of two thousand seven hundred and twenty dollars ($2,720.00) in full settlement of his liability as a stockholder of said Andrew Smith Company, a corporation, for and on account of an indebtedness of said Andrew Smith Company, a corporation, evidenced by a certain promissory note of said Andrew Smith Company, a corporation, executed to the said San Francisco National Bank, on the 20th day of June, 1908." This is followed by an allegation that defendant failed after demand to pay the sum of two thousand dollars and a prayer for that sum together with costs.

Defendant contends that his demurrer was improperly overruled for a number of reasons. These are that the indemnitor promised to pay no debts of the Smith Company but to hold the indemnitee free and harmless from the debts and liabilities of that corporation; that the complaint fails to show that the note was due from the corporation; or that the note did not run for more than three years; or the amount of the note; that the complaint fails to show that the note had not been previously paid or that plaintiff had been called upon to pay it or that he had paid it after notice to the indemnitor; that the complaint fails to show that plaintiff was a stockholder of the corporation at the time when the corporation incurred the indebtedness evidenced by the note; and that the complaint fails to show that plaintiff had become liable on any given date, or that judgment had been rendered against him or that he had otherwise complied with the provisions of subdivisions 5 and 6 of section 2778 of the Civil Code. Plaintiff asserts that the complaint is sufficient as against a general demurrer. He insists that such a demurrer should not be sus-

tained except when the complaint entirely fails to state some fact necessary to uphold the judgment and that his complaint in the action at bar does set forth all such facts either directly or by reasonable inference. (Citing *Lawrence National Bank* v. *Kowalsky,* 105 Cal. 44 [38 Pac. 517].) He also calls attention to the rule that, as against a general demurrer, a complaint which alleges necessary elements of an action not directly but by way of recital, is good (citing *Fuller Desk Co.* v. *McDade,* 113 Cal. 360, [45 Pac. 694]). He also invokes the familiar rule that where all essential facts are stated, but are imperfectly set forth, the particular defects may be reached by special demurrer only. We will examine the complaint in the light of these liberal rules.

It will be noted that according to the complaint the payment of two thousand seven hundred dollars was made by plaintiff "in full settlement of his liability as a stockholder of said Andrew Smith Company." While this recital might have fallen before a special demurrer, as against a general demurrer it is a sufficient allegation that plaintiff was *liable* as a stockholder, with all that such a statement implies.

It is settled in California that a stockholder's liability accrues immediately upon a debt being contracted by the corporation. A creditor therefore need not resort to the assets of the corporation before proceeding against the stockholder. (*Hunt* v. *Ward,* 99 Cal. 613, [37 Am. St. Rep. 87, 34 Pac. 335].) The indemnitor here held the indemnitee free and harmless not from *damages* but from *liability* or *debts* of the corporation for which he might be obligated as a stockholder. As the indemnity was against liability, the right of recovery on the contract arose as soon as the liability was incurred. In *Showers* v. *Wadsworth,* 81 Cal. 272, [22 Pac. 663], an action on a bond given to indemnify a sheriff against loss and liability which might be incurred by him in delivering certain property to the indemnifier, this court said: "The indemnity was against *liability* and hence there was a right of recovery upon the contract as soon as the liability was incurred."

This seems to be a complete answer to nearly all of the arguments of the defendant. It is true that, as appellant contends, the indemnitor did not agree to pay any debt or liability of the Smith Company but he did agree to pay any such debt or liability, for which plaintiff might be bound as a stock-

holder of that corporation. It is true also that if the corporation had paid any given debt plaintiff would have been relieved of any obligation to settle it, but the indemnity was not for damages growing out of a suit by a creditor of the Smith Company against the plaintiff on his stockholder's liability—it was upon the liability itself, and if he chose to pay the claim without suit he might do so or he even might sue *before* payment (Civ. Code, sec. 2778, subd. 1). Of course in either case he would be under the necessity of proving that he was liable for the amount alleged because of his position as a stockholder.

The answer to appellant's contention that the complaint is defective in not alleging that the note sued upon was due is that the pleading does not declare upon the note but upon an indebtedness evidenced by the note. The stockholder's liability depends not upon the time when the debt was enforceable against the corporation by the holder of the note but upon the time when the indebtedness was incurred. (*Hunt* v. *Ward*, 99 Cal. 613, [37 Am. St. Rep. 87, 34 Pac. 335]; *Bank of San Luis Obispo* v. *Pacific Coast S. S. Co.*, 103 Cal. 595, [37 Pac. 499].)

It was not necessary to allege that the note mentioned was not a three-year note. It was not necessary to plead even that the statute of limitations was not available against the indebtedness itself because the statute furnishes a personal defense which may be waived by the person entitled to use it.

Neither was it necessary to aver the face value of the note because, as we have seen, the declaration was on the indebtedness and not the note. For the same reason it was not necessary for the pleader to state that the note was unpaid, because the statement of Eva's liability as a stockholder involved the existence of an unsatisfied indebtedness. The statement of that liability of Eva, as a stockholder, for the payment of the corporation's debt, or his proportion thereof, while not a model of pleading was nevertheless sufficient to carry the necessary implication that he owned stock in the corporation when the particular indebtedness involved was contracted by the Smith Company.

It is the contention of appellant that as there is no allegation of a suit and an opportunity on the part of the indemnitor to defend, he is entitled to regard the payment made by Eva

as being merely voluntary; but as we have indicated above, notice is not necessary in such a case as this and much less is it necessary that the indemnifier be given an opportunity to defend any suit.   While subdivision 4 of section 2778 of the Civil Code specifies that notice may be given to the person indemnifying, it does not make such notice compulsory.   The two following subdivisions of that section merely declare rules of evidence under which a judgment recovered against the person indemnified may become *prima facie* or conclusive evidence of liability in his action against the person indemnifying.   ''The omission to give notice to the indemnitor does not go to the right of action against him but simply changes the burden of proof and imposes upon the indemnitee the necessity of again litigating and establishing all of the actionable facts.''   (22 Cyc. of L. and P., 106.)

It follows, from the foregoing discussion that the indemnitee was not bound to submit to a suit before paying the amount for which he was liable.   This matter is settled by the provisions of our code which we have cited above.   Of course, if the person indemnified pays any sum upon the theory that he is liable as a stockholder to make such settlement, he is bound to show in a suit against the indemnitor that the liability existed and that he was under obligation to pay it.   This is the burden which he assumes, but he is not bound to await and to defend an action intended to fix his liability as a stockholder before he may seek relief on his rights existing under the contract of indemnity.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.