[Civ. No. 3111. Second Appellate District, Division One.—June 15, 1920.]

## CHARLES R. THOMAS, Respondent, v. ADAM LAYER et al., Appellants.

[1] SURETIES—INDEMNITY AGAINST LIABILITY—ACTION ON BOND—DEMAND OF PAYMENT—PLEADING.—In an action by a constable upon an indemnity bond, indemnifying him against all loss and liability which he might sustain by reason of his retention of a certain automobile attached by him, after the making of a third party claim therefor, it is not necessary that plaintiff allege, in addition to the execution of such bond and the subsequent rendering of judgment against him because of his retention of such automobile, that demand was made upon the defendants, the principal and sureties on such bond, prior to the bringing of the action, for the payment of the judgment.

[2] ID.—JUDGMENT AGAINST INDEMNITEE—DUTY TO PROSECUTE APPEAL
—SATISFACTION OF JUDGMENT—SUIT AGAINST INDEMNITORS.—The
person making such third party claim to the ownership of the auto-
mobile having obtained a judgment against plaintiff for the reten-
tion thereof, the latter was not required to take an appeal from
that judgment at his own cost and expense, nor, having taken an
appeal, was he required to prosecute the same to its conclusion, but
he had the right to rest upon the judgment and require defendants,
the principal and sureties on the undertaking of indemnity against
liability, to pay the amount for which he has thus become liable,
and he was at liberty to bring his action against defendants with-
out himself first satisfying the judgment.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter and Thomas A. Sanson for Appellants.

J. H. De La Monte and Rupert B. Turnbull for Re-
spondent.

JAMES, J.—Defendants appeal from a judgment entered
against them. The action was brought upon an undertaking
given by Wilson as principal and Layer and Schenck as
sureties to indemnify the plaintiff, who was a constable, for
a liability which might accrue against him. Wilson was
plaintiff in a certain civil action, in which action he required
the plaintiff as constable to attach an automobile, which au-
tomobile was later claimed by a third party. Upon the de-
mand of the third party the constable was about to release
the property, when the undertaking was given upon which
this action was brought. Because of his retention of the
property after the third party's demand, the constable was
subjected to a suit and judgment was recovered therein
against him by one Bunnell, who was the third party re-
ferred to. There was evidence showing that upon this action
of Bunnell's being brought against the constable, the latter's
attorney called upon the appellants to assist in the defense
of that action, and it appears that two counsel were employed
by one or the other of the sureties (appellants here) and

2. Conclusiveness against indemnitors of judgment against prin-
cipal, note, 22 Am. St. Rep. 204.

that such counsel did appear at the trial in defense of the action. Appellant Layer, one of the sureties, makes the point here that he was not permitted to take part in the 'defense of that action; but there was ample evidence before the trial court to entitle the inference to be drawn that he was not only well informed of all of the proceedings in that case, but that the counsel, other than counsel for the constable, did represent the sureties and both of them with authority, or at least with their consent. After the judgment was rendered in favor of Bunnell against the plaintiff here, execution was taken out and money belonging to the plaintiff was attached; whereupon notice of appeal was given and an undertaking prepared and filed for the purpose of staying execution. On this undertaking Layer signed as one of the sureties, but later refused to justify, and the constable by his own means procured a stay bond and caused the same to be filed. While the appeal was pending in this court and undecided, the plaintiff brought this action to enforce the liability assumed by Wilson and his sureties, the appellants here. Before the action was tried, plaintiff dismissed his appeal in the Bunnell case in this court and satisfied the judgment below.

[1] Defendants contend that the complaint in this action failed to state facts sufficient to constitute a cause of action, because it did not allege that demand had been made upon the appellants for the payment of the judgment. Plaintiff in his complaint set out the undertaking executed by appellants, which undertaking, as appears by its terms, was to indemnify the constable against "all loss and liability which he, the said constable, his heirs, executors or administrators, shall sustain or in anywise be put to, for or by reason of the said attachment, seizing, levying, taking, or retention by the said constable, in his custody, under said attachment, of the said property claimed as aforesaid. . . . " By allegations following, the facts that the judgment had been rendered against the plaintiff, the amount thereof, and that the defendants had failed to hold the plaintiff harmless as agreed, and had failed to pay the amount of the judgment, and that the whole amount thereof was unpaid, were set forth. We think it was not necessary to allege under the terms of the contract of indemnity that demand had been made upon the appellants before the bringing of this action. The amount of their liability had become fixed by the judgment

and there was no term of the undertaking which relieved appellants from satisfying the judgment until after demand made. '(*Murdock* v. *Brooks*, 38 Cal. 596; *Pierce* v. *Whiting*, 63 Cal. 538; *Coburn* v. *Brooks*, 78 Cal. 443, [21 Pac. 2].) The contract here, as before noted, was one of indemnity. In interpreting the liability of sureties under such a contract, the supreme court, in *Showers* v. *Wadsworth*, 81 Cal. 270, [22 Pac. 663] said: "The contract in substance was a contract of indemnity. In form it was to furnish a bond of indemnity. . . . The indemnity was against *liability* and hence there was a right of recovery upon the contract as soon as the liability was incurred." In *McBeth & Compton* v. *McIntyre*, 57 Cal. 49, the court said: "As has been seen already, the indemnity given the constable was not only against actual damage, etc., but also against all *liability* therefor; and, therefore, the moment the judgment was entered in favor of McBeth & Compton against the constable, the latter became liable for the amount of it, and thereupon a cause of action arose in his favor upon the bond." We quote also from *Tunstead* v. *Nixdorf*, 80 Cal. 647, [22 Pac. 472]: "His liability attached the moment he refused, on demand, to surrender the property to the execution debtor, and that liability was fixed and determined by the judgment of McCue against him. The same judgment fixed the liability of the defendants in this action to the plaintiff. It would have been different if the bond had only indemnified the sheriff against actual damages. In such case the sheriff could not recover until he had actually been compelled to pay the judgment recovered against him. (*Oaks* v. *Scheifferly*, 74 Cal. 478, [16 Pac. 252].) The bond in suit was security against liability on the part of the plaintiff, and not against actual damages only, and his liability attached under the original execution." [2] The liability of this constable became determined as to its amount when the judgment of the third party (Bunnell) was entered against him. The constable was not required to take an appeal from that judgment at his own cost and expense; neither was he required to prosecute any appeal taken by him to its conclusion. He had the right to rest upon the judgment and require the principal and sureties on the undertaking of indemnity to pay the amount for which he had become liable, and he was at liberty to bring his action against the

principal and sureties without himself first satisfying the judgment. In *Showers* v. *Wadsworth, supra,* the court, in addition to the language which we have quoted, observes: "The sheriff having made a proper request that the indemnifier should litigate the claims against him, it is immaterial whether the indemnifier did so or not. If he neglected to do so, the judgments would be conclusive against him. 'If, after request, the person indemnifying neglects to defend the person indemnified, a recovery against the latter, suffered by him in good faith, is conclusive in his favor against the former.' (Civ. Code, sec. 2778, subd. 5.) If he took charge of the litigation the judgments are equally conclusive. (Civ. Code, sec. 2778; *Dutil* v. *Pacheco,* 21 Cal. 442, [82 Am. Dec. 749].)'' The fact that at the time this action was brought the appeal of the plaintiff Thomas in the Bunnell case was pending and undetermined, we think did not affect the right of the plaintiff to enforce his claim against the appellants upon the liability assumed under their contract. Moreover, it appears, as has already been observed, that before the trial of this action the appeal of Thomas was dismissed and the judgment of Bunnell was satisfied. It does not appear, if that question is material here at all, that there was any merit in that appeal, or that the judgment as entered in favor of Bunnell against the plaintiff was in any wise improper as to its foundation or amount. We think that the judgment as entered herein is a just one, and we find no error sufficient to sustain appellants' plea for reversal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 12, 1920.

All the Justices concurred, except Sloane, J., who was absent.