## AMERICAN EMPLOYERS' LIABILITY INSURANCE COMPANY *v.* FORDYCE.

### Opinion delivered July 8, 1896.

INSURANCE AGAINST LIABILITY—WHEN ACTION LIES.—A policy of insurance binding the insurer to pay all damages with which the insured company may be legally charged, or required to pay, or for which it may become legally liable, is not merely a contract of indemnity, but also a contract to pay liabilities, and a recovery may be had although the liability has not been discharged by the insured, the measure of damages being the amount of the accrued liability.

INSURANCE AGENT—POWERS.—A general agent of an insurance company, having authority to make terms for insurance, to countersign and deliver policies, and collect premiums, may waive a condition requiring payment of the premium in money.

CANCELLATION OF POLICY—EFFECT ON ACCRUED LIABILITIES.—Where a policy of insurance reserves to the insurer the right to cancel the policy for non-payment of the premium, the exercise of such right by the insurer will not prevent the insured from recovering the amount of any liability accruing under the policy between the time of its issuance and cancellation, less the premium earned for that time.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

STATEMENT BY THE COURT.

The American Employers' Liability Insurance Company issued its policy to the City Electric Street Railway Company, which contained this clause: "That said company will pay to the insured or their legal representatives all damages with which the insured may be

legally charged, or which the insured may be required to pay (not exceeding the amounts hereinafter limited), for or by reason of any liability on account of injuries inflicted upon the person or property of any person or persons whomsoever while traveling on the railroad of the insured, or for which the insured may be legally liable." The policy was dated first of December, 1892, and was to be in force from the ninth of December, 1892, to the ninth of December, 1893. The consideration expressed in the policy was $1,200. It was countersigned by "W. H. Parker & Co., General Agents," who were located at Pine Bluff. On the 8th of December, 1892, Parker sent the policy to the street car company, through the mail. It was duly received, and the receipt of same acknowledged. Mrs. Meredith, a passenger on the City Electric Street Railway Company, was injured by said company on the 27th day of December, 1892. She had recovered judgment for $1,250 and costs against said company, and no appeal had been taken from said judgment. This suit was brought by appellees, as receivers of the City Electric Street Railway Company, on the policy heretofore mentioned, to recover of appellants, the American Employers' Liability & Insurance Company, and the Union Guaranty & Trust Company, its surety, the amount of said judgment.

The defenses were that the premium was not paid, and that the policy in suit was not to be delivered nor to take effect until the premium was paid in cash; that, if the cash premium was not a condition precedent to the delivery of the policy, the street railway company had promised that said premium should be paid on or before the 10th day of January, 1893, which was not done, and that therefore, the consideration having wholly failed, said policy was afterwards cancelled, and became of no effect; that the street railway company had agreed

to execute three notes of $400 each to cover premiums due thirty, sixty, and ninety days respectively, from 9th of December, 1892; that said notes were never executed and tendered, and that therefore the consideration failed, and the policy was cancelled; that Parker & Co. were agents with limited power only to deliver the policy sued on upon the payment of cash premium, and that they exceeded their authority in delivering the policy without such payment.

The insurance company, by way of counter-claim, set up that if the policy were in force, the street railway company was indebted to it in the sum of $1,200, with interest from 9th of December, 1892, and judgment was prayed for said amount.

The cause was submitted to the court sitting as a jury, which, from the evidence, found the following facts: (1) "That on the 8th of December, 1892, the defendant insurance company, by W. H. Parker, who was its general agent for the State of Arkansas, executed and delivered to the City Electric Street Railway Company the policy sued on. (2) That said Parker was fully authorized to waive the payment of the premium in cash, and to give time for the payment thereof. (3) That said Parker did in fact waive the payment of the premium in cash, and delivered said policy with the intention that the same should become operative according to its terms, although the premium was not then paid. (4) That, after the delivery of the policy, the defendant insurance company treated the same as in full force and effect until the 23d day of January, 1893. (5) That on the 27th day of December, 1892, one Callie A. Meredith, while a passenger on the cars of said street railway company in the city of Little Rock, received personal injuries, for which she was entitled to recover damages from the said street railway company.

(6) That she recovered judgment against the said company for $1,250, with interest from its date at 6 per cent., and the sum of $53.50 costs.   (7) That notice of the injury of the said Callie A. Meredith was given by the said street railway company to W. H. Parker; and that neither the said Parker nor the said insurance company, in response to said notice, made any claim that the policy was not in full force and effect.   (8) That no demand for the payment of the said premium was made upon the said railway company until the 9th day of January, 1893, after the injury of the said Callie A. Meredith.   (9) That on the 23d day of January, 1893, the said insurance company gave notice that it had cancelled the policy for non-payment of the premium, and therefore treated said policy as cancelled.   That the earned premium to the date of cancellation of the policy was the sum of ——— dollars."

And the court, upon the foregoing facts, declared the law to be that the defendant railway company was not in default for non-payment of the premium at the time when its cause of action upon said policy accrued, and that the plaintiff is entitled to recover the amount of the judgment in favor of the said Callie A. Meredith and against the said street car company, including interest and costs, less the amount of the premium due upon the policy from the 9th day of December, 1892, to the 24th day of January, 1893, when the said policy was cancelled, and that judgment should be rendered accordingly against both defendants, the insurance company and the Union Guaranty & Trust Company.   Proper exceptions were saved to the court's findings of facts and its declaration of law.

The defendants asked the court to find: (1) "That W. H. Parker & Co. only had authority, as agents, to deliver the policy sued on herein upon payment to them of the premium in cash; that they delivered it without

such payments, and without authority, and they did not bind their principal by such delivery." (Which the court refused.) (2) "That the City Electric Street Railway Company did not pay the premium on demand of Parker & Co. as agents, and a demand for a payment of the premium by Parker & Co. upon the insured was duly made about thirty days after the policy sued on was delivered; and that the same has never been paid." (Which the court found.) (3) "That the insured, the City Electric Street Railway Company, has never tendered payment of said premium according to its contract." (Which the court found.) (4) "That the facts are for the defendants on the whole case, and accordingly judgment should be for defendants." (Which the court refused.)

The defendants presented requests for instructions which the court refused to grant. Proper exceptions were saved to all the rulings of the court to which objection was made. Motion for new trial, presenting all the questions contended for by appellants, was overruled, and this appeal taken.

*Blackwood & Williams*, for appellant.

1. Since the decision of this case, it has been decided that the mortgage on the street railway was superior to these judgments, and they could not be paid as a preferred claim. 70 Fed. 32.

2. The contract sued on was a contract of *indemnity*, and no liability incurred thereon until the insured suffers a loss, and the loss in this case would be an actual payment of the judgment. Until the company paid this judgment, it cannot recover. The payment into the registry of the United States court was not a "loss," within the meaning of the policy. Where a corporation holding one of these policies becomes insolvent, and the assets are insufficient to pay its debts, so that nothing is left to pay any damages to persons injured on suits

pending, the liability under the policy cannot be enforced. 1 N. Y. 550; 21 N. J. L. 73; 6 Hill (N. Y.), 324; 2 Vt. 532; 17 So. 646; 39 N. E. 82.

3. The policy was not in force. The premium was never paid. 51 Ark. 445; 2 Whart. Cont. sec. 547; 63 N. Y. 160; 64 N. Y. 304. The insurance company had the right to cancel for default. 2 Pars. Cont. (6 Ed.), pp. 678-9: Bish. Cont. secs. 825, 828, 832-5, Or for non-payment of premium notes. 147 U. S. 177; 104 *id.* 441; 100 Mass. 500; 33 N. J. 487; 43 N. Y. 283; 63 *id.* 160.

4. Parker had no authority to deliver the policy. An agent can only bind his principal within the scope of his authority. 11 Am. & Eng. Enc. Law, p. 284; 126 Mass. 158; 89 Pa. St. 296.

*Rose, Hemingway & Rose* and *C. S. Collins,* for appellee.

1. The company bound itself in terms to pay "all damages for which the street railway company might become legally liable," and it was not necessary *to pay* the judgment before suit. 8 Wend. 452. It became liable as soon as the liability of the street car company arose. 15 Minn. 461; 122 Mass. 566; 6 Wall. 94; 119 Mass. 507; 131 *id.* 93; 133 U. S. 432; 137 *id.* 308; 23 Oh. St. 271; 34 Ia. 71; 134 Mass. 299; 21 Conn. 117-25; 8 Nev. 121; 16 *id.* 327-32; 14 Johns. 117; 1 Free. Chy. (Miss). 533-40; 1 N. Y. 550; 17 Johns. 239; 68 Ill. 604-617; 9 Pa. St 366-371; 8 Watts, 157; 5 W. & S. 440; 2 Bay (S. C.), 145; 18 Wis. 21, 28; 48 N. Y. 532. Suit may be brought before the damage is complete. 7 Wend. 503; 6 Wall. 100; 131 Mass. 115, 120; *Ib.* 93, 109; 136 *id.* 34; 19 Wend. 424.

2. Parker & Co. were the general agents, and had authority to issue policies *on time* or credit. Before the premium was due, liabilities had accrued for more than

the amount of the premium. All the company could ask would be a deduction of the premium from the amount they owed. See 12 Wall. 285; 35 N. Y. 131; 25 Barb. 189; 26 N. Y. 460; 32 N. Y. 619; 42 Me. 262; 18 Barb. 69; 20 Wall. 560; 9 Bush, 430. A general agent has a right to waive the condition requiring payment in advance, etc. 22 Fed. 586; 35 N. Y. 131; 26 *id.* 460; 25 Barb. 189; 51 N. Y. 117; 9 Heisk. 606; 45 Ia. 377; 115 Pa. St. 591; 2 Biddle, Ins. sec. 1074, p. 347; May on Ins. sec. 134; 25 Conn. 207; 542; 20 Fed. 232. The delivery of a policy raises a presumption that a credit was intended. 35 N. Y. 131; 12 Wall. 303; 68 Ind. 347; 38 Oh. St. 110.

3. The judgment has been paid by paying the amount into the registry of the court.

WOOD, J., (after stating the facts). The findings of fact are comprehensive and accurate. We do not discuss the evidence upon which these findings are based for the reason that objection is urged here, not to the findings of fact, but to the legal conclusions drawn from them.

Effect of insuring against liabilities.

1. Appellants asked the court to declare the law to be "that the insurance contract sued on herein is a contract of indemnity, and that no liability is incurred thereon until the insured suffers a loss, and that the loss in this case would be an actual payment of the judgment rendered in favor of Callie Meredith." The contract speaks for itself. It is couched in unequivocal language. The insurer binds himself to pay "*all damages with which the insured might be legally charged, or required to pay, or for which it might become legally liable.*" This is plainly a contract *to pay liabilities.* But if it could be said that the meaning were left in doubt on account of any ambiguity in the language of the contract, the proof leaves no doubt that it was the intention to require the insurance company to pay to the

street railway company the damages for which it (railway company) should become liable. The insured insisted upon a contract to pay liabilities, and the insurer consented to make it that way, embracing this special feature by way of interlineation in writing upon a printed form of contract. After it was so written, the general agents, in a letter to the insured, in which they enclosed the contract, mentioned this special feature, saying: "We think, with this amendment to the policy, you have the best insurance issued." This is not simply a contract of indemnity. It is more. It is also a contract to pay liabilities. The difference between a contract of indemnity and one to pay legal liabilities is that upon the former an action cannot be brought and a recovery had, until the liability is discharged; whereas upon the latter the cause of action is complete when the liability attaches. *Locke* v. *Homer*, 131 Mass. 93, and authorities cited; *Jones* v. *Childs*, 8 Nev. 121; *Carson, etc., Ass'n* v. *Miller*, 16 Nev. 327-32; *Smith* v. *Railway Co.*, 18 Wis. 17; *Thompson* v. *Taylor*, 30 Wis. 68; *Rector, etc., of Trinity Church* v. *Higgins*, 48 N. Y. 532; and numerous other cases cited in appellees' brief. Also *Maloney* v. *Nelson* (N. Y.), 39 N. E. Rep. 82; *Solary* v. *Webster* (Fla.), 17 So. 646; *Gilbert* v. *Wiman*, 1 N. Y. 550, cited in brief of appellants.

The measure of damages is the amount of the accrued liability. *Wicker* v. *Hoppock*, 6 Wall. 94; *Churchill* v. *Hunt*, 3 Denio, 321; *Pierce* v. *Plumb*, 74 Ill. 326.

Mrs. Meredith had recovered a judgment against the City Electric Street Railway Company from which the company had not appealed. This judgment was a legal liability against the street railway company, for which, under its contract with the insurance company, the railway company was entitled to recover.

Powers of
insurance
agent.

2. Appellants insist that Parker & Co. had no authority to deliver the policy without collecting the premium. This is not the law. "A general agent of an insurance company, whose business it is to solicit applications for insurance, and receive first premiums, has the right to waive the condition requiring payment in money, and to accept the promissory note of the applicant, or of a third party in lieu thereof, or to undertake to make the payment to the company himself; and, when the cash payment is actually waived in either of these modes, the contract binds the company, not-withstanding the recital in the policy that it is not binding until the first premium is paid in cash." This excerpt, quoted by counsel for appellees from *Miss. Valley Ins. Co.* v. *Neyland*, 9 Bush, 430, is according to the consensus of modern authority. *Southern Life Ins. Co.* v. *Booker*, 9 Heisk. 606; *Miller* v. *Life Ins. Co.*, 12 Wall. 285; *Boehen* v. *Ins. Co.*, 35 N. Y. 131; *Ins. Co.* v. *Colt*, 20 Wall. 560; *Goit* v. *Ins. Co.*, 25 Barb. 189; *Sheldon* v. *Ins. Co.*, 26 N. Y. 460; *Wood* v. *Ins. Co.*, 32 N. Y. 619; *Bragdon* v. *Ins. Co.*, 42 Me. 262; *Trustees, etc.*, v. *Ins. Co.*, 18 Barb. 69; May, Ins., sec. 134, and other cases cited by counsel for appellees.

The policy under consideration contained no provision requiring payment of the premium in cash as a condition precedent to the delivery of the policy and its taking effect. The court, however, evidently treated the matter as though such a condition existed, but found that it had been waived. The proof showed that Parker & Co. were general state agents, and had authority to make terms for insurance, to countersign and deliver policies, and collect premiums; and that they sometimes collected when the policy was delivered, sometimes at the end of the month, and sometimes took notes. They carried a general account with the company, and on the

10th of each month sent to it what was due upon a general balance. The policy having been delivered unconditionally, without a payment of the premium in cash, the court's finding that such payment had been waived, in view of this proof, and the law as announced. *supra*, was clearly correct. The delivery of the policy without condition, and without exacting payment of the premium in cash, raised the presumption that a short credit was intended. *Behler* v. *Ins. Co.*, 68 Ind. 347, and numerous cases there cited; *Miller* v. *Life Ins. Co.*, 12 Wall. 303 *Little* v. *Ins. Co.*, 38 Ohio State, 110.

3. The issuance and delivery of the policy to the assured for a valuable consideration agreed upon and expressed therein, and the acceptance of the policy by the assured, put said policy in force. See authorities already cited. By the express terms of the policy, the insurance company was liable to the street railway company for all damages occasioned by injury to its passengers for which it (street railway) was liable, from the 9th of December, 1892, until its policy was cancelled. The policy was not cancelled by the insurance company until the 23d day of January, 1893. The liability sued on had supervened in the meantime. While the insurance company had the right to cancel the policy for the non-payment of the premium, as per the contract between the parties, it had no power to make this cancellation relate back and avoid the policy *ab initio*. Had it not cancelled the policy, but continued same in force one year, the assured would have been liable to the insurer for the entire premium. If the entire premium had been paid, and no liability had accrued between the time of the execution of the policy and the time of cancellation, the insurer might have cancelled the policy, under certain conditions therein contained, by refunding the premium less the *pro rata* portion thereof for the time the policy was in force. If, in the meantime, a liability had accrued,

Effect of cancellation of policy.

cancellation without the assent of assured could only take place by refunding the premium, less the *pro rata* for the time the policy had been in force, and also by the payment of intervening liabilities. Now, in the present case, while the premium had not in fact been paid, credit had been extended, and, before any demand had been made for the payment of the premium, the liability accrued. The insurer also a short time thereafter cancelled the policy, thus electing not to insist upon the payment of the premium. The liability of the insurance company to the street railway company at the time of the cancellation of the policy, and at the institution of this suit, exceeded the entire amount of the premium. Under such circumstance, the most that the insurance company could demand would be to have the amount of premium which had been earned while the policy was in force deducted from the amount of its liability to the assured. This the court did, and its judgment is correct.

Affirmed.