GRAND RAPIDS ELECTRIC LIGHT & POWER, CO. *v.* FIDEL-
ITY & CASUALTY CO.

INSURANCE—EMPLOYER'S LIABILITY POLICY—NOTICE OF ACCIDENT.
Under an employer's liability policy requiring the assured,
"upon the occurrence of an accident, and upon notice of any
claim on account of an accident," to give immediate notice,
in writing, "of such accident or claim" to the company, notice
need not be given until there has been both an accident and
a claim for damages by reason thereof.

Error to Kent; Grove, J. Submitted November 13,
1896. Decided December 9, 1896.

*Assumpsit* on an employer's liability policy. From a
judgment for plaintiff, defendant brings error. Affirmed.

*Fletcher & Wanty,* for appellant.

*Kingsley & Kleinhans,* for appellee.

LONG, C. J. On June 13, 1894, the defendant insured
the plaintiff against liability for damages on account of
injuries suffered by any employé of the plaintiff, and on
the same day extended the insurance under the "Manu-
facturers' Outside Liability," under the terms of the policy,
to all accidental injuries sustained by any person whom-
soever, other than employés of the plaintiff, for one year.
The policy contained the following clause:

" (3) The assured, upon the occurrence of an accident,
and upon notice of any claim on account of an accident,
shall give immediate notice, in writing, of such accident
or claim, with the fullest information available, to the
company, at its office in New York City, or to the agent,
if any, who shall have countersigned this policy."

On December 23, 1894, a trimmer of the plaintiff, who
was engaged in trimming lamps in one of the public

towers in the city of Grand Rapids, dropped a burnt carbon, about six or eight inches long, from the tower, which, in falling, struck a young child, Florence D. Walker, aged about three years, in or near her right eye, and her injuries subsequently resulted in her losing its sight. The superintendent of the electric light company, Mr. Mathews, heard of this accident on the same evening; and the next day, under the direction of the general manager of the company, he visited the home of the child's parents, saw the child, and talked with the mother in regard to the injury. While there, two doctors came, and examined the eye. After this, he returned, and reported the case to the general manager. At this time no notice was given by the parents that any claim would be made against the company on account of the accident. After the loss of the eye, and in the latter part of June, 1895, the father of the child retained attorneys, who wrote the plaintiff that the child had lost its eye, and that, if the matter was not settled, suit would be brought. This letter was received June 25th, and was the first notice the plaintiff received of any claim against it on account of the accident. On the same day, the plaintiff notified the defendant of the accident, and of the claim made on it, and that it would look to that company to settle it. The defendant claimed that it was entitled to immediate notice of the accident, by the terms of the policy, and on this ground refused to have anything to do with the matter. Suit was afterwards brought on behalf of the injured child against the electric light and power company, and the defendant was asked to assume the defense of the suit, but declined, for the reason already given. Subsequently, with the consent and approval of the defendant company, the electric light company consented to a judgment in favor of the child for $2,000, which, with the taxed costs, amounting to $24, it paid immediately, and thereupon brought the present suit. The case was tried before the court, without a jury, and the court found that the plain-

tiff was not required to give immediate notice to the insurance company upon the occurrence of the accident, and that it was required to give such notice only after the accident had occurred, and it had received notice of the claim against it on account of the accident. Judgment was rendered for the full amount of the claim in favor of the plaintiff. The defendant brings error.

It is insisted upon the part of the defendant that this clause in the policy means that notice should be given immediately upon the occurrence of an accident, and that the plaintiff had no right to wait before giving the notice until the claim was made on account of the accident, and that such notice is requisite, whether any claim is made or not; that this construction was within the contemplation of the parties when the contract was entered into; that the reason of that requirement is that the insurance company might at once have the opportunity to investigate, while the witnesses to the accident could be found, and while all the details of the accident were yet fresh in the minds of the parties who were witnesses to it. And it is further contended that the delay from December 23, 1894, to June 25, 1895, in giving notice, was unreasonable. Upon this last proposition, counsel cite many cases in support thereof. If the contention of counsel be correct that notice was necessary upon the happening of the accident, we are satisfied that the notice was not given within the time required by the terms of the policy; that a delay of six months would be unreasonable under the circumstances of this case.

But, on the other hand, it is contended by counsel for plaintiff that the construction, and the only construction, which can be given to this clause of the policy, requires notice only upon the occurrence of the accident and notice of any claim on account of the accident; and that, therefore, the notice on June 25th given to the defendant company, being the same day the plaintiff received notice of the claim, was a full compliance with the condition of the policy. Counsel cite, in support of this contention,

*Anoka Lumber Co.* v. *Fidelity & Casualty Co.* (this same defendant), 63 Minn. 286, in which the Minnesota court considered this same clause in the policy.   In that case it was said by the court:

"The Fidelity Company contends that this provision requires notice to be given whenever any accident occurs, and also that another notice must be given whenever any claim on account of an accident is made.   Opposed to this contention, it is asserted that notice is not required by the terms of such provision until there has been both an accident and a claim by reason thereof.   We are of the opinion that the latter construction is the correct one.   Nelson [the injured party] never made any claim against the Anoka Lumber Company for damages prior to the 13th day of September, 1893; and, upon such claim being made, the company immediately notified the insurance company of the accident and Nelson's claim.   No question is raised as to the sufficiency of the written statement or proof of loss.   If the injured party never made any claim against the Anoka Lumber Company on account of his injuries, it would be an idle ceremony for the company to give notice of the accident to the insurance company. It only concerned the company when it was notified by Nelson that he claimed damages against it on account of the injuries he had received.   When it learned of the threatened liability, then it notified the responsible party, in accordance with the terms of its policy, and that was all the notice required under the provisions of its contract. We have no doubt as to the correctness of the construction we have placed upon the provision of the policy we have quoted, but, if there were any doubt as to the meaning of the clause, then such doubt must be solved in favor of the insured."

We are of the opinion that the Minnesota court placed the right construction upon the clause of the policy.   This clause was drawn by the insurance company itself, and as said in *Utter* v. *Insurance Co.*, 65 Mich. 545 (8 Am. St. Rep. 913):

"When a stipulation or exception to a policy of insurance emanating from the insurers is capable of two meanings, the one is to be adopted which is the most favorable to the insured."

In *Anderson* v. *Fitzgerald*, 4 H. L. Cas. 484, in speaking of the policy in that case, it was said:

"It ought to be framed with such deliberate care that no form of expression by which, on the one hand, the party assured can be caught, or by which, on the other, the company can be cheated, shall be found upon the face of it."

In *National Bank* v. *Insurance Co.*, 95 U. S. 673, speaking of the policy in that case and the rule here stated, the court said:

"The company cannot justly complain of such a rule. Its attorneys, officers, or agents prepared the policy for the purpose, we shall assume, both of protecting the company against fraud, and of securing the rights of the assured under a valid contract of insurance. It is its language which the court is invited to interpret, and it is both reasonable and just that its own words should be construed most strongly against itself."

We think the court below was correct in its interpretation of the policy, and the judgment must be affirmed.

The other Justices concurred.