FIDELITY & CASUALTY COMPANY *v.* FORDYCE.

Opinion delivered June 12, 1897.

INSURANCE AGAINST LIABILITY—WHEN LIABILITY ACCRUES.—Under a policy of insurance which binds the insurer to pay all sums for which the assured shall become liable in damages for bodily injuries suffered by any persons, the insurer becomes liable, whenever the amount of the assured's liability is determined, to pay so much thereof as does not exceed the limit of its liability, although such liability has not been discharged by the assured. (Page 179.)

SAME—WHEN LIABILITY DETERMINED. — The liability of an assured for damages incurred is not determined, within the meaning of a policy of insurance, so as to render the insurer liable to pay such damages, so long as an action therefor is pending in court against the assured, or an appeal from a judgment therefor is pending in the supreme court. (Page 180.)

Appeal from Pulaski Circuit Court, Second Division.

JOSEPH W. MARTIN, Judge.

*Jno. M. Rose*, for appellant.

1. This is merely an indemnity policy, and, the company having paid nothing, there is no liability. 50 N. W. Rep. 496; 48 *id.* 123; *ib.* 126; 6 Hill, 324; 1 Const. 550; 59 N. W. Rep. 1054; 144 N. Y. 182; 30 Wis. 68. Actual damage must be shown. 17 So. Rep. 646; 39 N. E. Rep. 83. The mere fact that a judgment has been obtained does not entitle the person indemnified to recover. 1 N. Y. 550; 21 N. J. L. 73; 6 Hill, 324; 2 Vt. 532. See also 1 May, Ins., §§ 1, 3; L. R. 11 Q. B. Div. 380; 15 Minn. 376 (461); 42 Minn. 115; 47 *id.* 377; 52 *id.* 23; 53 *id.* 212; 51 *id.* 474; 59 N. W. Rep. 1054.

2. The suit was premature, as two of the claims were pending on appeal to the supreme court. The litigation was not ended. 10 Am. & Eng. Enc. Law, p. 433.

*Rose, Hemingway & Rose*, for appellees.

All the points in this case are determined by 62 Ark. 562, 569. The fact that appeals had been taken on two of the claims *without supersedeas* did not impair the judgments as liabilities. 45 Ark. 373; 19 *id.* 420. Some courts hold that when an appeal is taken with *supersedeas*, the effect of the judgment as evidence is suspended; but the weight of authority is that the judgment continues operative as an estoppel. 110 N. Y. 386; 16 Ind. 107; 28 Conn. 433; 117 Mass. 108; 3 Sm. & M. 143; 89 Ind. 328; 132 Ill. 589.

BATTLE, J. Two actions were commenced by S. W. Fordyce and Allen N. Johnson, receivers of the City Electric Street Railway Company, against the Fidelity & Casualty Company, and the Union Guaranty & Trust Company (which were afterwards, by consent, consolidated and heard as one action), on a policy executed by the Fidelity & Casualty Company to the City Electric Street Railway Company, to recover the amounts of judgments rendered against the Street Railway Company for damages resulting from personal injuries caused by the operation of its railway between the 9th of December, 1891, and the 9th of December, 1892. The portions of the policy upon which these actions were based, and which affect plaintiffs' right of recovery, are as follows:

" It is hereby agreed as follows: That the company (the Fidelity & Casualty Company) will pay to the insured (the City Electric Street Railway Company), or their legal representatives, any and all such sums as the insured may become liable for in damages in consequence of bodily injuries suffered by any person or persons whomsoever, while traveling on the railroad of the insured, or otherwise, in connection with the operation of said road during the period covered by the premium paid; that is to say, between the ninth day of December, 1891, and the ninth day of December, 1892, at noon, or by any renewal premium.

" 1. The company's liability for a casualty resulting in injuries to or death by any one person is limited to fifteen hundred dollars, and, subject to the same limitation for each person, their gross liability for several persons injured or killed in any one casualty is ten thousand dollars.

" 2. If any legal proceedings are taken against the insured by any person or persons injured as aforesaid to enforce a claim for indemnity for such injuries, then the company (the Fidelity & Casualty Company) shall, at their own cost and expense, have the absolute control of defending the same throughout in the name and on behalf of the insured; but if the company shall offer to pay the insured the full amount insured, then they shall not be bound to defend the case, nor be liable for any costs or expenses which the insured may incur in defending such case. Provided, always, that this policy is subject to the condition and agreements endorsed hereon, which are made part of this contract," a part of which is as follows:

" (1) Upon the occurrence of an accident in respect to which a claim may arise, notice thereof shall be immediately given by the insured to the company at their office in New York, and to whomsoever shall have countersigned their policy. The insured shall also furnish the company full information in relation to the accident.

" (2) On receiving from the insured notice of any claim, the company may take upon themselves the settlement of the same; and in that case the insured shall give all reasonable information and assistance necessary for that purpose. The

insured shall not, except at his own cost, settle any claim or incur any expense without the consent of the company."

The defendants answered, and admitted the execution of the policy, but "denied that it agreed to pay all sums for which the railway company might be, liable, and averred that the Fidelity & Casualty Company only agreed to indemnify and reimburse the said railway company for any and all sums it might pay on account of said injuries, not exceeding fifteen hundred dollars in any one case. They admitted the judgments set up in the complaints, but averred that the Fidelity & Casualty Company was not liable to pay the same, because the City Electric Street Railway Company had not paid them, but only paid money into the registry of the United States court, and was not damaged by such deposit, within the meaning of the policy of insurance. They denied the liability of the Fidelity & Casualty Company, because it had the right to control the litigation, and was then contesting the liability of the railway company in the supreme court, and such suits had not been determined by the said supreme court."

The issues were tried by the court, sitting as a jury, upon the pleadings, exhibits, and an agreed statement of facts, a part of which is as follows:

" It is agreed between the parties to this case that on the 12th day of July, 1892, one Arthur Connery received personal injuries, on account of which he brought suit against the City Electric Street Railway Company for damages which were alleged to have been occasioned in the operation of the road of said railway company in Little Rock.

"That on the same day one Russell Yates received injuries by being burned by a telephone wire which was alleged to have been in contact with a live trolley wire of the said street railway company in said city, to recover damages for which he brought suit against the said street railway company.

"That on the 30th day of October, 1892, one W. H. H. Riley was injured by being run over by a car of the said railway company in said city, on account of which he instituted an action against the said street railway company.

"On the 15th day of February, 1892, one Lawrence Levy was run over and killed by the cars of the street railway com-

12

pany in said city, and the administrator of said estate brought suit to recover damages occasioned to the next of kin, and also to the estate of said Lawrence Levy, by reason of said killing.

"That on the————day of April, 1892, one S. W. Davies was injured while alighting from the cars of the said street railway company in said city, and to recover the damages occasioned thereby he brought suit against the street railway company.

"That notice of the bringing of each of said suits was duly given to the Fidelity & Casualty Company, and it appeared to each suit by its attorney, and defended the same.

"That such proceedings were had in the case of Arthur Connery on the 9th day of December, 1892, that judgment was duly rendered in his favor for the sum of $300, to bear interest from date at the rate of six per cent. per annum, and for $37.60 costs therein expended.

"That in the action of Peter Yates a judgment was on the 3d June, 1893, rendered for the sum of $1,000, with interest from date at six per cent., and $28.05 costs.

"That in the case of W. H. H. Riley a judgment was on the 3d of April, 1894, rendered for $5,000, with interest from date at six per cent. per annum, and the sum of $33.95 costs of suit.

"That in the case instituted by Kaufman Levy a judgment was on the 28th day of May, 1892, rendered for plaintiffs for $1,500, with interest from date at six per cent. per annum, and for costs amounting to $57.95

"That in the case of S. W. Davies a judgment was rendered on the 7th day of December, 1894, for $100, with interest from date at six per cent. per annum, and costs amounting to $14.75.

"That in the cases of Arthur Connery and Peter Yates appeals were taken to the supreme court of the state without supersedeas, which are now pending there.

"That in the cases brought by Kaufman Levy and W. H. H. Riley appeals were likewise taken to the supreme court, which have been heard, and the judgments of the circuit court have been affirmed.

"That in the case of S. W. Davies no appeal was taken."

Upon this statement of facts the defendant asked declarations of law to the same effect as they answered, but the court refused to so declare, but declared as follows: "The court declares the law on these facts in favor of the plaintiff. The several judgments are *prima facie* evidence of the liability of the plaintiff, and the defendant company's obligation is to pay all such sums as the insured may become liable for in damages. Their obligation, therefore, attaches as soon as the judgments are recovered. The plaintiffs are entitled to judgment for the amounts set forth, subject to the limitations of the bond;" and rendered judgment against the defendants for $5,113.80.

The defendants endeavored to defeat a recovery by the plaintiff in this action upon two grounds: (1) The railway company had not paid the judgments recovered against it; and (2) because appeals from the judgments of the circuit court to the supreme court in two or more of the cases were pending. The question for our decision is, are these grounds tenable?

According to the terms of the policy, the insurance company, which was the Fidelity & Casualty Company, undertook to pay all such sums as the railway company should become liable for in damages in consequence of bodily injuries caused by the operation of its street railway. Upon the occurrence of an accident in respect to which a claim for damages might have arisen, notice was required to be immediately given by the railway company to the insurance company. The former was forbidden to settle such claim or incur any expense without the consent of the latter company. The insurance company assumed the liability for such a claim, and had authority to settle it without litigation. If any legal proceedings were instituted against the railway company to enforce it, the insurance company bound itself to take absolute care and control of of defending against the same in the name and in behalf of the assured. In only one way could it have absolved itself from this obligation, and that was by paying or offering to pay the assured the full amount for which it was liable in such cases by its policy. According to these terms, the ascertainment and adjustment of the liability of the insured for claims for damages depended on the insurance company, provided it acted in good faith. The assured surrendered the entire control and

management thereof to the insurer. So long as the latter resisted, in the courts, the enforcement of such claims, no right of action accrued upon its policy; for, until the termination of the litigation, both parties to the policy denied the liability of the assured, and the existence and extent thereof remained undetermined according to the methods by which the parties, in effect, agreed it should be ascertained and fixed. Any other interpretation of the policy would take from the insurer the protection for which it contracted.

In short, our conclusion in this case is that, when the amount of the liability of the railway company for damages in consequence of bodily injuries caused by the operation of its railway was determined, the Fidelity & Casualty Company became bound by its policy to pay so much thereof as does not exceed the sum it agreed to pay in such cases, although it was not paid by the assured (*American Employers' Liability Insurance Company* v. *Fordyce*, 62 Ark. 562), but that the same was not determined so long as the action therefor was pending in court, or an appeal from the judgment thereon was pending in the supreme court.

So much, therefore, of the judgment in this action as embraces the amounts recovered for injuries received by W. H. H. Riley, Lawrence Levy, and S. W. Davies, and costs of the recovery, is affirmed; and as to the remainder it is reversed, and the action therefor is dismissed without prejudice.

BUNN, C. J., absent.