Argued 5 April; decided 24 April, 1899.

### FENTON v. FIDELITY & CASUALTY CO.

[56 Pac. 1096, —— L. R. A. ——.]

|||
|---|---|
| 36 | 283 |
| 36 | 332 |
| 36 | 336 |

|||
|---|---|
| 36 | 283 |
| 46 | 322 |

1. EMPLOYERS' LIABILITY INSURANCE—CLAIM FOR IMMEDIATE AID.—A policy
of employers' liability insurance for indemnity against liability for damage on
account of injuries by accident to employees, providing that assured should
immediately notify the company in case of accident, that the company would
defend actions growing out of injuries in the name of the assured, that assured
should not settle any claim or incur expense without consent of the company,
except that it might provide such immediate surgical relief as might be im-
perative, is a policy of indemnity against liability for damages, and is not
limited to indemnity for actual damages suffered, so that a cause of action
would accrue thereunder to the assured as soon as a cause of action should
arise against the assured by reason of an accident to an employee without an
actual payment for either damages or for immediate surgical aid.

2. CONSTRUCTION OF INSURANCE POLICIES.—Where the meaning of a policy of
insurance is in doubt because its language is susceptible of two constructions,
the one is to be adopted which is most favorable to the assured.

3. IDEM.—In a policy providing indemnity against liability for damages for per-
sonal injuries, a provision that the company shall have the right to defend
any action, at its own cost, in the name and on behalf of assured, has reference
to an action on an undetermined claim for damages, and not to liability in-
curred under a clause in the policy authorizing assured to provide such sur-
gical relief as may be imperative, in case of accident; such liability being fixed
as soon as the surgical relief is provided.

From Multnomah :   J. C. FULLERTON, Judge.

Action by J. D. Fenton against the Fidelity & Casualty
Company of New York, upon a policy of insurance is-
sued by the defendant company to the Willamette Steam-
Mills Lumbering & Manufacturing Company, insuring
it against liability for damages on account of injuries ac-

cidentally suffered by its employees. The portion of the policy material to the questions on this appeal is as follows : ''In consideration of the warranties made in the application for this policy, and of four hundred and eighty dollars, the Fidelity and Casualty Co. of New York, hereinafter called the 'company,' does hereby agree to indemnify the Willamette Steam-Mills Lumbering & Mfg. Co. of Portland, in the County of Multnomah and State of Oregon, hereinafter called the 'assured,' for the term of twelve months, beginning on the ninth day of October, 1895, at twelve o'clock noon, and ending on the ninth day of October, 1896, at twelve o'clock noon, standard time, against liability for damages on account of fatal or nonfatal injuries accidentally suffered by any employee or employees of the assured, * * * subject to the following agreements and conditions: (1) The company's liability for an accident resulting in injuries to, or the death of, one person, is limited to $5,000.00, and subject to the same limit for each person. Its gross liability for a casualty resulting in injuries to, or the death of, several persons, is $10,000.00. (2) The assured, upon the occurrence of an accident, and also upon receiving information of a claim on account of an accident, shall give immediate notice, in writing, of such accident or claim, with full particulars, to the company, at its office in New York City, or to the agent, if any, who shall have countersigned this policy. (3) If thereafter any legal proceedings are taken against the assured to enforce a claim for damages on account of such accident, the company will defend the same, at its own cost, in the name and on behalf of the assured. (4) The assured shall not, except at his own cost, settle any claim, nor incur any expense, nor interfere in any negotiations for settlement with the injured person, nor in any legal proceedings, without the consent of the company previously given in writing ; but he may

provide such immediate surgical relief as may be impera-
tive.   The assured shall render to the company all rea-
sonable aid in securing information and evidence, and in
effecting settlements.   (5) This policy does not cover lia-
bility   *   *   *   for injuries intentionally inflicted upon
any person, nor any liability excepting that of the assured
to the injured person himself, or his legal representatives,
for damages on account of personal injuries.''   ''(9) Any
assignment of interest under this policy shall be void, un-
less the written consent of the company is first obtained.''
''(14) This policy, and the application for it, a copy of
which application is indorsed hereupon, taken together,
with all their respective declarations, stipulations, parts,
and conditions, constitute a contract of insurance between
the company and the assured; and, if a suit is brought on
this contract, it must be construed accordingly, whether
such suit is brought on the original contract, or on any
renewal thereof.''   While this policy was in force, and
on the twenty-fourth of October, 1895, O. Mathison, an
employee of the mill company, was seriously injured
while employed in its service ;   and, immediate surgical
relief being imperative, the plaintiff, who is a physician
and surgeon, was employed by the manager of the mill
company to attend the injured man.   Shortly thereafter
the mill company became insolvent, and its property went
into the hands of receivers, who, in pursuance of an or-
der of the court, assigned and transferred to the plaintiff
its claim against the defendant for the liability incurred
in providing immediate surgical relief for Mathison, and
he accepted the same in full payment and satisfaction
of his claim against the mill company, and thereupon
brought this action directly against the defendant to re-
cover the sum of $150, alleged to be the reasonable value
of his services.   The defendant, after denying the alle-
gations of the complaint, alleges the insolvency of the

mill company ; that it had not paid, and would not be able to pay, any portion of plaintiff's claim. A demurrer was sustained to the new matter set up in the answer, and a trial being had, resulted in a judgment in favor of the plaintiff for the sum of $100, from which the defendant appeals.                              AFFIRMED.

For appellant there was an oral argument by *Mr. Wirt Minor*, with a brief over the name of *Cox, Cotton, Teal & Minor*, to this effect :

I.   The court erred in overruling the defendant's demurrer to the introduction of any evidence, and likewise erred in refusing to direct a nonsuit at the close of plaintiff's case.   Contracts of indemnity are, in respect to the time when suits can be brought on them, of two classes : First, those which, by their terms, are to indemnify or save harmless from damage, charge or loss ; second, those in which the indemnitor binds himself to do some particular act or thing, or to acquit or discharge the indemnitee from some obligation or liability to a third person, or to indemnify the indemnitee against liability to or the claim of a third person.   In the first the defendant undertakes to acquit and discharge the indemnitee from any damage by reason of his bond or covenant.   The plaintiff is then bound to show damages.   But where the defendant has undertaken to do an act in discharge of the indemnitee, and where there is a positive agreement to do the act which is to prevent damage to the plaintiff, then an action lies if the defendant neglects or refuses to do such act ; and, whether the covenant is to do an act, or to indemnify against an act, we must resort to the instrument for the intention of the parties.

The policy promises to indemnify the mill company against liability for damages ; but liability simply incur-

red and unsatisfied by the mill company for immediate surgical relief given to a person injured, does not work damages to the mill company.   The most that can be claimed for the doctor is that this liability which the mill company incurred to him for immediate surgical relief may be enforced against the mill company, and to the precise extent to which it is enforced the mill company can charge the appellant ; but it cannot charge the appellant further.   The mill company may never pay or may only be able to partially respond in damages ; it may never be enforced, or, if enforced at all, not for the entire amount of damages, which in this case would be the reasonable value of the services performed.   Fenton might sue the mill company and recover judgment and the mill company may never pay the judgment and have no property out of which this judgment can be made :   *Anoka Lum. Co.* v. *Fidelity & Cas. Co.* 63 Minn. 286 (30 L. R. A. 689, 65 N. W. 353.)

II.   Under the issues and proof the plaintiff proved no damage, and the appellant was entitled to a judgment upon the first cause of action set out in the complaint : *Weller* v. *Eames,* 15 Minn. 376 ;   *Churchill* v. *Hayes,* 3 Denio, 321 ;   *Douglas* v. *Clark,* 14 Johns. 178 (7 Am. Dec. 458); *Aberdeen* v. *Blockmor,* 6 Hill, 324 ;   *Jeffers* v. *Johnson,* 1 Yates, 73 ;   *Maloney* v. *Nelson,* 144 N. Y. 182 ;   *Gilbert* v. *Wyman,* 1 N. Y. 550 (49 Am. Dec. 359);   *Wicker* v. *Happock,* 73 U. S. (6 Wall.) 94 ;   *In the matter of Negus,* 7 Wend. 501 ;   *Redfield* v. *Haight,* 27 Conn. 31 ;   *Jones* v. *Childs,* 8 Nev. 121.

III.   The plaintiff cannot sue at law alone on this cause of action :   *State Ins. Co.* v. *Oregon Ry. & Nav. Co.* 20 Or. 563 (26 Pac. 838);   *Home Mut. Ins. Co.* v. *Oregon Ry. & Nav. Co.* 20 Or. 569 (26 Pac. 857).

IV.   The words ''but he may provide such immediate

surgical relief as may be imperative,"when given the most favorable construction to the respondent and the mill company would only make the appellant liable for indemnity against loss actually sustained : *French* v. *Vix*, 143 N. Y. 90 ; *Insurance Co.* v. *Robinson*, 98 Ill. 324 ; *Bailey* v. *New England Mut. Life Ins. Co.* 114 Mass. 177 (19 Am. Rep.329); *Greenfield* v. *Massachusetts Mut. Life Ins. Co.* 47 N. Y. 430 ; *North Amer. Life Ins. Co.* v. *Wilson*, 111 Mass. 542 ; *Flynn* v. *North Amer. Ins. Co.* 115 Mass. 449 ; *Wise* v. *Insurance Co.* 23 Mo. 80 ; *Nims* v. *Ford*, 159 Mass. 575 (35 N. E. 100).

For respondent there was a brief over the name of *Fenton, Bronaugh & Muir*, with an oral argument by *Mr. William D. Fenton*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   There are several assignments of error in the notice of appeal, but they are practically all based on the contention that the contract of the defendant with the mill company is one of indemnity against damages, and therefore no recovery can be had thereon unless actual damage is shown.   There is a distinction made by the authorities between a contract of indemnity against liability for damages, and a simple contract of indemnity against damages.   In the former case it has very generally been held that an action may be brought, and a recovery had, as soon as the liability is legally imposed, while in the latter there is no cause of action until there is actual damage :  *Jones* v. *Childs*, 8 Nev. 121 ;   10 Am. & Eng. Enc. Law (1 ed.), 413 ;   *Smith* v. *Chicago & N. W. Ry. Co.* 18 Wis. 21 ;   *Thompson* v. *Taylor*, 30 Wis. 73 ;   *Locke* v. *Homer*, 131 Mass. 93 (41 Am. Rep. 199) ;   *Rector of Trinity Church* v. *Higgins*, 48 N. Y. 532 ;   *Weller* v. *Eames*, 15 Minn. 461 (Gil. 376).   If, therefore, the policy upon which

this action is based is a mere contract of indemnity, the payment by the mill company of the liability incurred by it for the services of the plaintiff is a condition precedent to the right of recovery.    If, on the other hand, the contract is one of indemnity against liability, a cause of action accrued thereunder as soon as the liability of the mill company to the plaintiff attached.    Upon this question the policy must speak for itself ; and its several provisions, in our opinion, indicate quite clearly that it is not merely an agreement to indemnify the mill company against such damage as it may suffer on account of injury to its employees, but that, in case of an accident to an employee whereby a cause of action arises against it, the insurance company will assume the liability on account thereof.    By the express terms of the contract, it agrees to indemnify the mill company, not only against actual damage, but against liability for such damage. The policy provides that the defendant shall be immediately notified of an accident, and shall thereafter have exclusive right and power to settle and adjust any claim therefor, and control all legal proceedings in connection therewith.    And the mill company is prohibited from settling any claim or incurring any expense without the written consent of the insurance company, except that in case of an accident it may provide such immediate surgical relief as may be imperative.    It would, in our opinion, be inconsistent with the terms and provisions, as well as the object and purpose, of the policy, to hold that the assured must actually pay and discharge the claim or demand made against it on account of an injury to one of its employees, as a condition precedent to the maintenance of an action on the policy.

This is the interpretation given to a similar contract by the Supreme Court of Minnesota in the case of *Anoka*

*Lumber Co.* v. *Fidelity & Cas. Co.* 63 Minn. 286 (65 N. W. 353, 30 L. R. A. 689), and is in harmony with the construction of policies substantially the same by the courts of other states : *Hoven* v. *Employer's Liability Assur. Corp.* 93 Wis. 201 (67 N.W. 46); *Ross* v. *American Employ. Liability Ins. Co.* 56 N. J. Eq. 41 (38 Atl. 22) ; *American Employ. Liability Ins. Co.* v. *Fordyce,* 62 Ark. 562 (54 Am. St. Rep. 305, 36 S. W. 1051): *Fidelity & Cas. Co.* v. *Fordyce,* 64 Ark. 174 (41 S. W. 420). It is claimed by defendant's counsel that the policy under consideration in the Minnesota case was an indemnity against liability only, and therefore differs materially from the one now under consideration. The provisions of the policy are not quoted in the report of the case, but Mr. Justice Buck begins his opinion by saying that the action is brought on a policy "insuring the company, for twelve months, against liability for damages;" and, although he subsequently states that it was a case of insurance against liability, it seems reasonably certain, from the entire opinion, that the policy was the same as the one before us, and we regard the case as directly in point.

2.   If, however, the meaning of the policy is in doubt, and its language is fairly and reasonably susceptible of two constructions,—one favorable to the assured, and the other to the defendant,—the one is to be adopted which is the most favorable to the assured. This is the universal ruling in the construction of insurance policies, because they are drawn by the attorneys, officers, and agents of the company ; and it is but fair that, if there should be any ambiguity or uncertainty in the language used, it should be construed most strongly against the company : *American Sur. Co.* v. *Pauly,* 170 U. S. 133 (18 Sup. Ct. 552) ; *Utter* v. *Traveler's Ins. Co.* 65 Mich. 545 (8 Am. St. Rep. 913, 32 N. W. 812) ; *Grand Rapids Elec. Light Co.* v. *Fidelity & Cas. Co.* 111 Mich. 148 (69 N. W. 249).

3.   It is also contended that the mill company is prohibited from assigning its rights under the policy prior to the rendition of a judgment against it on account of some liability covered thereby.   The contention is based on the provision that the insurance company shall have the right to defend any action, at its own cost, in the name and on behalf of the assured.   But this provision has, in our opinion, reference to an undetermined claim for damages, and not to liabilities incurred under what may be determined the emergency clause in the policy, which authorizes the assured, in case of an accident, to provide such immediate relief as may be imperative.   In the case of a claim for damages on account of an accident, the question of liability is unsettled so long as the matter is being contested in the courts; but for imperative surgical relief furnished the liability of the mill company, and its corresponding right of action against the insurance company, are fixed and determined as soon as such surgical relief is provided, and therefore there can be no reason for the insurance company defending any action brought thereon in the name and on behalf of the assured. Judgment affirmed.                           ₀AFFIRMED.

Decided 16 July, 1900.