Argued 15 November; decided 18 December, 1899.

**COCHRAN v. SELLING.**

[59 Pac. 329.]

CONTRACT—INDEMNITY—LIABILITY.—An agreement by which the maker undertakes to save harmless the obligee "against the payment" of certain claims for which such obligee was liable, is a contract of indemnity against payment only—the obligee cannot recover the amount for which he is liable, but only such sums as he has paid: *Fenton* v. *Fidelity & Casualty Co.* 36 Or. 283, cited.

From Multnomah :  JOHN B. CLELAND, Judge.

On October 8, 1896, J. M. Moyer & Company, doing business in Portland, made an assignment to Ben Selling for the benefit of creditors, under the assignment laws of the state, and thereafter Selling duly qualified and entered

on the discharge of his duties. On January 2, 1897, W. T. Cochran presented to the assignee what purported to be a claim against the estate for $77,536.44, from which it appears that on the sixteenth of October, 1894, Cochran, being the owner of eighteen shares of stock of the Albany Woolen Mills Company, sold and tranferred the same to J. M. Moyer & Company for $4,500, and, at the time of such sale, and as a part of the consideration therefor, received from Moyer & Company an agreement containing the following stipulation : "Now, therefore, as a part of the consideration for the sale and transfer of said stock by the party of the second part [Cochran] to the parties of the first part [Moyer & Co.], the parties of the first part do hereby undertake, promise, and agree that they will save the party of the second part harmless against the payment of any and all claims and demands of every kind and nature whatever now existing against the said corporation, and for which the party of the second part may be in any way personally and individually liable, as well as against the payment of any note or notes that may have been heretofore executed by the Albany Woolen Mills Co., of Albany, Oregon, and upon which the party of the second part is in any way personally liable or responsible, either as one of the makers thereof, or as an indorser, guarantor, or otherwise." At the time of the sale and transfer of the stock referred to, and the execution and delivery of this contract, there were outstanding claims against the Albany Woolen Mills Company, upon which Cochran was liable either as maker, indorser, or guarantor, to the amount of his claim. Subsequently the Albany Woolen Mills Company became insolvent, and judgments were rendered against it for a large proportion of such indebtedness, and Cochran was compelled to and did pay thereon the sum of $15,489.16, and the receiver of the woolen mills company paid on account of such indebted-

ness $15,345.21, leaving a balance still outstanding and unpaid of about $50,000, a portion of which, if not all, had been reduced to judgment prior to the filing of Cochran's claim with the assignee of Moyer & Company. Within the time allowed by law, the Bank of British Columbia, a creditor of Moyer & Company, duly filed exceptions to Cochran's claim ; and upon the issues raised the matter was tried, and a judgment entered thereon allowing the amount actually paid by Cochran on the indebtedness of the Albany Woolen Mills Company, and rejecting the claim as to the remainder, on the theory that the contract entered into between Moyer & Company and Cochran was a contract of indemnity against damage. From this judgment Cochran appeals.                    AFFIRMED.

For appellant there was a brief over the name of *Weatherford & Wyatt*, with an oral argument by *Mr. Jas. K. Weatherford*.

For respondents there was a brief over the name of *Dolph, Mallory, Simon & Gearin*, with an oral argument by *Mr. Joseph Simon*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

There is but one question involved in this appeal, and that is whether the contract of October 16, 1894, between Moyer & Company and Cochran, is a contract of indemnity against liability on account of the debts of the Albany Woolen Mills Company, or against the payment of such debts. If the former, action could be brought and recovery had as soon as the liability was legally imposed, and the claim as presented would necessarily have to be allowed. If the latter, there was no breach of the obligation until Cochran was compelled to and did pay such

debts, and the judgment of the court below must be affirmed : *Fenton* v. *Fidelity & Casualty Co.* 36 Or. 283 (56 Pac. 1096, —— L. R. A. ——). This question must be determined from the language of the contract, and it seems to us it is not susceptible of the construction that it is a contract to indemnify against liability. Cochran was already liable, and it was designed to save him harmless against the consequence of such liability. The express stipulation is that Moyer & Company will save him harmless "against the payment of any and all claims and demands" whatever against the Albany Woolen Mills Company for which he was personally liable. But they did not agree to pay or discharge such debts or obligations, nor did they assume the payment thereof. They simply agreed to reimburse Cochran for any moneys that he might be compelled to pay on account of such indebtedness. Upon such a contract it is clear that the obligee has no cause of action against the obligor until he has paid the liability specified : 10 Am. & Eng. Enc. Law (1 ed.), 413. And therefore the judgment of the court below must be affirmed, and it is so ordered.        AFFIRMED.