## PENNSYLVANIA CASUALTY CO. v. UPCHURCH et al.

### No. 10820.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1943.

Rehearing Denied Dec. 9, 1943.

Max F. Goldstein, of Atlanta, Ga., for appellant.

Jos. W. Popper and J. Douglas Carlisle, both of Macon, Ga., and James C. Howard, Jr., of Atlanta, Ga., for appellees.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This action was filed by appellant under the Federal Declaratory Judgments Act, Sec. 274d of the Judicial Code, 28 U.S.C.A. § 400. In its complaint the appellant sought exoneration from liability for personal injuries and damage to property caused by the collision of a truck and passenger automobile. It alleged an actual controversy over the force and effect of a certain agreement for insurance, known as a binder, issued by it to J. Paul Upchurch, one of the appellees. Another insurance company, brought in as a third party defendant, was exonerated from all liability by the court below, and no appeal was taken from this part of the judgment.

This appeal is taken from certain portions of the judgment declaring the rights and legal relations of appellant and the other appellees. In paragraphs 2 and 4, which are the only parts of the judgment under review, the court below declared that the appellant was answerable in accordance

with the terms of its policy in standard form, and was legally bound to pay such judgment (within specified amounts) as might be obtained by the Herrins in actions filed by them against appellees Upchurch and Jones for damages sustained in said collision; but the court further declared that the insurer should not be joined as a co-defendant in the said actions against Upchurch and Jones.

The findings of the trial court are fully supported by the evidence, and are clearly correct. The binder was issued on August 12, 1940, and was duly signed by appellant's authorized representative. It gives the name and address of the insured, specifies the amount and character of the insurance, and describes the property covered as trucks, tractors, and semi-trailers. The first paragraph of the binder is as follows: "Pennsylvania Casualty Company, herein called the Company, does hereby insure the following described automobiles, subject to conditions set forth in Standard Form Policy, for a period of 8 days, from noon of the date written above, Standard Time, at the address given below."

The collision occurred on August 15, 1940; no policy was issued by the company except the binder; and no premium was paid by the insured. Within the 8-day period of insurance mentioned in the binder, but after the collision, Upchurch notified appellant that he had placed the insurance with another company. It is contended that the validity of the binder was dependent upon the acceptance of the policy and payment of the premium by the insured; and because Upchurch failed and refused to take the policy and pay the premium, as agreed, appellant claims that the binder became ineffective from its original date. We cannot adopt this reasoning. At the time of the accident the binder was a complete existing contract good for eight days. It was contemplated that it would be superseded by one for a year, including the eight days. The fact that after a loss the superseding contract was not made, was no breach of the original contract and did not cancel it. The proper proportionate premium was nevertheless due. The agreement of the insured to take the policy and pay the premium was a sufficient consideration for the binder. The breach of this agreement after the accident did not affect the intervening rights and remedies of third parties. The payment of the premium is not a condition precedent to the validity of insurance of this nature; the agreement to pay, express or implied, is all that is needed. Whether Upchurch owes a premium, and if so how much, is not before us. He may have breached his agreement but, if so, it was after the rights of third parties had become fixed.

It is true that the rights of the Herrins are derived from those of the insured, but they must be determined as of the time of the accident. Such rights cannot rise higher than their source, but they do rise as high as that source was when the collision took place. Nothing that the insured or insurer did or left undone since that time has diminished those rights.

The truck involved in this collision, as the appellant well knew, had been traded for but had not been delivered to the insured at the time the binder was issued. This truck was delivered to Upchurch on August 15th before the collision. It was agreed by the parties when the binder was issued that this truck would be covered as soon as it came into the insured's possession.

The six trucks plus four tractors and semi-trailers referred to in the binder were all the business equipment owned by Upchurch when the binder was issued. The right of replacing one of these trucks with the truck involved in the collision was expressly given in the written contract, and was exercised prior to the collision. The newly acquired truck thereupon automatically became insured under paragraph IV of the insuring agreements incorporated in the binder by reference. The duration of the binder was eight days, subject to the conditions set forth in the appellant's standard policy. The parties to the insurance contract had neither breached it nor attempted to terminate it prior to said collision. The binder was then in full force and effect, and obligated the appellant to pay to injured persons, on behalf of the insured, all damages imposed by law because of bodily injuries and destruction of property caused by said accident and arising out of the ownership, maintenance, or use of said truck.

It is immaterial whether an injured third party may sue the insurer directly or must first obtain judgment against the insured. This is a remedial matter. Cf. Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316. We are required here to declare rights, not remedies.

894

The right of the Herrins under the policy to be paid damages by the insured is conditioned upon those damages being first imposed by law, but where there is an actual controversy over contingent rights, a declaratory judgment may nevertheless be granted. Appellant must concede this proposition, because it sought a declaratory judgment in such circumstances, and contended that the injured appellees had no rights under the binder, contingent or otherwise.

The decision in this case is governed by the law of Georgia. No authority directly in point has been cited, and we have found none. The judgment appealed from is affirmed.

WALLER, Circuit Judge (dissenting).

Upchurch agreed to take out a motor vehicle casualty insurance policy with the Casualty Company, in consideration of which a binder was issued putting the policy into immediate effect pending the issuance and delivery of the policy which would indemnify and protect Upchurch from any liability for injuries caused by third parties. Upchurch's agreement was to accept and pay the premiums on the policy; the company's agreement was to issue the policy and to protect Upchurch against liability to third parties and not to protect third parties against Upchurch.

The majority opinion rightfully concedes that the Herrins, who are third parties and strangers to the contract, can have no higher or greater rights than Upchurch. Upchurch breached his contract with the insurance company, refused to take out the policy and pay for it, but took a policy in another insurance company. Having first breached his contract with the insurance company, Upchurch could not then require the insurance company to carry out its part of the contract to indemnify him. Since Upchurch had no right, after having breached his contract, to demand its enforcement, neither could third parties demand its enforcement because they have no greater rights than Upchurch. This would not be true if the policy in question gave to third parties the right to sue on it as some casualty insurance policies do. Nor would the foregoing conclusion be true if the statutes of the State of Georgia gave third parties the right to enforce or sue on a contract but the statutes of Georgia do not afford that right. The policy, therefore, was not a policy entered into for the benefit of third parties. In 36 C.J. 1056, liability insurance is defined as follows: "Liability insurance is that form of insurance by which insured is indemnified against loss or liability on account of bodily injuries sustained by others, or in a broader sense, against loss or liability on account of injuries to property."

Liability insurance is sometimes confused with contracts of suretyship in which a bonding company issues a contract to protect third parties against the obligee, but a liability policy is not a contract of suretyship. The distinction is clearly outlined and discussed in the case of State ex rel. Travelers' Indemnity Co. v. Knott, 114 Fla. 820, 153 So. 304, 307, in which the Court, quoting from Royal Indemnity Co. v. Knott, 101 Fla. 1495, 136 So. 474, said:

" 'The essential distinction between an indemnity contract and a contract of guaranty or suretyship is that the promisor in an indemnity contract undertakes to protect the promisee against loss or damage through a liability on the part of latter to a third person, while the undertaking of a guarantor or surety is to protect the promisee against loss or damage through the failure of a third person to carry out his obligation to the promisee.'

"See, also, American Employers' Liability Ins. Co. v. Fordyce, 62 Ark. 562, 36 S.W. 1051, 54 Am.St.Rep. 305; Fidelity & Casualty Co. v. Fordyce, 64 Ark. 174, 41 S.W. 420; Stephens v. Pennsylvania Casualty Co., 135 Mich. 189, 97 N.W. 686, 3 Ann.Cas. 478; Anoka Lbr. Co. v. Fidelity & Casualty Co., 63 Minn. 286, 65 N.W. 353, 30 L.R.A. 689; Fritchie v. Miller's Pennsylvania Extract Co., 197 Pa. 401, 47 A. 351; Klotzbach v. Bull Dog Auto F. Ins. Ass'n, (Mo.App.), 267 S.W. 39; Ross v. American Employers' Liability Ins. Co., 56 N.J.Eq. 41, 38 A. 22; Fenton v. Fidelity & Casualty Co., 36 Or. 283, 56 P. 1096, 48 L.R.A. 770; London & Lancashire Indemnity Co. v. Cosgriff, 144 Md. 660, 125 A. 529."

Authorities in addition to those cited could be multiplied indefinitely to support the proposition that a casualty insurance policy is one merely to protect the person taking it out against liability to third parties, and in the absence of a provision in the policy permitting third parties to sue, or in the absence of a statute requiring motor vehicle owners to carry policies for the protection of third parties, no rights accrue to third parties until a judgment has

been obtained against the insured, whereupon the insurance company becomes indebted to the insured, and the holder of the judgment could then run a garnishment against the insurance company to have applied to his judgment any indebtedness due by the company to the insured. See 29 Amer.Jur. §§ 1080 and 1081, pp. 810-812.

In the present case, if the Herrins had a judgment against Upchurch and a garnishment were issued against the insurance company, it could truthfully reply that it owed Upchurch nothing because Upchurch breached his contract with the company and failed to take out the insurance with the company or to pay the premiums or to perform any part of his contract with the company. Since the company, because of Upchurch's first breach of his contract with it, would be relieved of liability to Upchurch and would have no indebtedness to Upchurch, and since the Herrins have no greater right than Upchurch, it clearly follows that the insurance company in this case should be exonerated. I, therefore, dissent from the majority opinion.